10 U.S. 221
 6 Cranch 221
 3 L.Ed. 204
 SLACUM
v.
POMERY.
 February Term, 1810
 
 1
 ERROR to the circuit court for the district of Columbia, sitting in Alexandria, in an action of debt, (under the law of Virginia,) brought by Pomery against Slacum, as endorsor of a bill of exchange, dated the 6th of August, 1807, drawn in the island of Barbadoes, by Charles Cadogan, a merchant residing there, at 60 days' sight, upon Barton, Irlam & Higginson, at Liverpool, in England, for 138l.. 17s. 9d. sterling, payable to Slacum or order, who endorsed it, at Alexandria, in the district of Columbia, to the plaintiff.
 
 
 2
 The declaration was 'of a plea that he render unto him one hundred and thirty-eight pounds, seventeen shillings and nine pence sterling money of Great Britain, with interest at the rate of five per centum per annum, from the 23d day of December, eighteen hundred and seven, until paid, together with fifteen per cent. damages on the said one hundred and thirty-eight pounds, seventeen shillings and nine pence, and ten shillings and six pence sterling, of the value of two dollars and thirty-three cents, current money of the United States, costs of protest, which to him he owes,' &c.
 
 
 3
 It then stated the making and endorsing of the bill, the non-acceptance and non-payment, and the protest for non-payment, 'by reason of which premises, and by force of the statute in that case made and provided, action hath accrued to the plaintiff to demand and have of the defendant the said sum of 138l. 17s. 9d. sterling, and interest at the rate of five per cent. per annum, from the 23d of December, 1807, until paid, together with fifteen per cent. damages, and ten shillings and six pence sterling, of the value,' &c.
 
 
 4
 Upon the trial of the cause on the issue of nil debet, the defendant below took a bill of exceptions, stating that evidence was offered of the bill, the endorsement by the defendant to the plaintiff in Alexandria, (both parties being inhabitants of that town,) the protest for non-payment, and that, by the laws of Barbaeoes, the damages, upon protested bills of exchange, were only ten per cent. upon the principal and interest due upon the bill. Whereupon the defendant prayed the court to instruct the jury that the plaintiff was not entitled to recover more than the damages allowed upon protested bills according to the law of Barbadoes, and that he was not entitled in this case to fifteen per cent. damages, which instruction the court refused to give.
 
 
 5
 The verdict and judgment being for the plaintiff, for the whole amount demanded in the declaration, the defendant brought his writ of error.
 
 
 6
 The act of assembly of Virginia (P. P. 113.) provides, 'that where any bill of exchange is or shall be drawn for the payment of any sum of money, in which the value is or shall be expressed to be received, and such bill is or shall be protested for non-acceptance or non-payment, the drawer or endorsor shall be subject to fifteen per centum damages thereon, and the bill shall carry an interest of five per centum per annum, from the date of protest, until the money therein drawn for shall be fully satisfied and paid.' 'And that it shall be lawful for any person or persons having a right to demand any sum of money upon a protested bill of exchange to commence and prosecute an action of debt for principal, damages, interest and charges of protest, against the drawers or endorsors jointly, or against either of them separately; and judgment shall and may be given for such principal, damages and charges, and interest upon such principal, after the rate aforesaid to the time of such judgment, and for interest upon the said principal money recovered after the rate of five per centum per annum, until the same shall be fully satisfied.
 
 
 7
 Swann, for the plaintiff in error, contended,
 
 
 8
 1. That the damages must be according to the law of the place where the bill was drawn.
 
 
 9
 2. That it was not averred in the declaration that the defendant had notice of the protest for non-payment. And although this might have been taken advantage of in the court below in arrest of judgment, yet it was also a fatal objection upon a writ of error. The record does not show that the plaintiff was entitled to his judgment. Doug. 679.
 
 
 10
 Youngs, contra.
 
 
 11
 This is not an action upon the custom of merchants, but upon the statute of Virginia.
 
 
 12
 MARSHALL, Ch. J. It has never been doubted in Virginia, that notice is as necessary in an action upon the statute, as upon the custom of merchants.
 
 
 13
 Youngs. There was no motion in arrest of judgment. This objection was not taken in the court below.
 
 
 14
 MARSHALL, Ch. J. There can be no doubt that any thing appearing upon the record, which would have been fatal upon a motion in arrest of judgment is equally fatal upon a writ of error.
 
 
 15
 Youngs. This court, in the case of Mandeville v. Riddle, 1 Cranch, 290. decided, that an action by a holder of a promissory note against an endorsor is only by reason of the value received, and yet in the case of Wilson v. Codman, 3 Cranch, 193. 208. this court decided that the averment of value received was an immaterial averment, and need not be proved.
 
 
 16
 In our case if notice were necessary to entitle the plaintiff to a verdict, it will be presumed, after verdict, that notice was proved.
 
 
 17
 The statute upon which this action is founded does not require notice. The declaration avers all that the statute requires to constitute a cause of action. The want of notice is only to be taken advantage of by the defendant in his defence at the trial. The time of bringing this action shows that reasonable notice was given. This court has decided that it is not necessary to give notice of a protest for non-acceptance.
 
 
 18
 As to the question of damages. The law of the place where the contract was made must prevail. The contract of the defendant as endorsor, was made in Alexandria. Every endorsement creates a new contract, and is in the nature of a new bill.
 
 March 5.
 
 19
 MARSHALL, Ch. J. delivered the opinion of the court as follows, viz.
 
 
 20
 Upon a critical examination of the act of assembly on which this action is founded, the court is of opinion that it is rightly brought. Although the drawer of the bill was not liable to the damages of Virginia, the endorsor is subject to them, he having endorsed the bill in Alexandria. The words of the act are, that where a bill of exchange shall be protested, 'the drawer or endorser shall be subject to 15 per cent. damages thereon.' The third section gives an action of debt 'against the drawers or endorsors jointly, or against either of them, separately. The act of assembly appears to contemplate a distinct liability in the endorsor, founded on the contract created by his own endorsement, which is not affected by the extent of the liability of the drawer. This is the more reasonable, as a bill of exchange is taken as much on the credit of the endorsor, as of the drawer; and the endorsement is understood to be not simply the transfer of the paper, but a new and a substantive contract.
 
 
 21
 There is, however, an objection taken to this declaration. It omits to allege notice of the protest; an omission which is deemed fatal.
 
 
 22
 It has been argued that the act of assembly, which gives the action of debt, not requiring notice to be laid in the declaration, that requisite, which is only essential in an action founded on the custom of merchants, is totally dispensed with. But this court is not of that opinion. In giving the action of debt to the holder of a bill of exchange, and in giving it the dignity of a specialty, the legislature has not altered the character of the paper in other respects. It is still a pure commercial transaction governed by commercial law. Notice of the protest is still necessary, and the omission to aver it in the declaration is still fatal.
 
 
 23
 Had this error been moved in arrest of judgment, it is presumable the judgment would have been arrested; but it is not too late to allege, as error, in this court, a fault in the declaration, which ought to have prevented the rendition of a judgment in the court below.
 
 
 24
 The judgment is arrested, and the cause remanded with direction that the judgment be arrested.
 
 
 25
 After the opinion was delivered, Youngs praye that the cause might be remanded with leave to amend
 
 
 26
 MARSHALL, Ch. J. Here is a verdict which must be set aside before an amendment can be allowed.
 
 
 27
 It might be set aside by the court below, but this court can see no reason in the record for setting it aside.