JOHNSTON
v.
DICKSON.

## JOHNSTON and Another, Administrators, v. DICKSON and Another.

In an action by the bona fide assignee of a promissory note against the assignor, it is no defence that the note was originally given by the maker to the defendant for an illegal consideration.

The assignment of a note is itself a contract, which, prima facie, imports a good consideration.

*Saturday,
May 17.*

APPEAL from the *Knox* Circuit Court.—The note in this case was given by *Beamon* to *Smirl,* who assigned it to the appellees, the plaintiffs below. The appellants were the administrators of *Smirl,* the defendant below.

SCOTT, J.—Assumpsit by the assignees of a promissory note against the assignor. Plea, that the note was originally given for an illegal consideration. General demurrer, and judgment. for the plaintiffs.

It is insisted by the appellants that the note, having been originally given for an illegal consideration, is wholly void, and therefore nothing could pass by an assignment. It was decided by this Court, in the case of *Hanna* v. *Pegg, May* term, 1822, that, by virtue of our statute, the plaintiff may declare on an assignment, as on a bond, note, or bill of exchange (1). The assignment itself is a contract, which, prima facie, imports a good consideration. A distinction was taken in the argument, between the liability of an assignor, under our statute, and that of an indorser by the law merchant. We see no good reason for the distinction. The steps to be taken by the assignee are different; but when the necessary steps have been taken to entitle the assignee to his action, the liability of the assignor, under the statute, and that of the indorser, under the lex mercatoria, are of the same nature.

*Per Curiam.*—The judgment is affirmed, with 1 *per cent.* damages and costs.

*Tabbs,* for the appellants.

*Dewey,* for the appellees.

(1) Ante, p. 181. The principle in these cases is, that the indorsement constitutes a new and substantive contract. *Slacum* v. *Pomery,* 6 Cranch, 221. By 9 Anne, all notes, bills, &c. for a gaming consideration are absolutely void; so, by 12 Anne, are those for a usurious consideration. Yet the indor-

see, for a valuable consideration and without notice, of such a note, may recover against the indorser. 2 Phill. Ev. 22, note. On this subject, the following case has recently occurred: Assumpsit by the plaintiff, as indorsee, against the defendant as drawer and indorser of a bill of exchange. Plea, non-assumpsit. The evidence was, that the bill had been accepted for a gaming debt, but had been indorsed over by the defendant to the plaintiff for a valuable consideration. The Court held, that although no person deriving title through the winner could make the loser pay, that did not affect an action against the indorser; and the plaintiff recovered. *Edwards* v. *Dick*, 4 Barn. & Ald. 212. The Ch. Justice further observed, that the cases on the statute of usury follow the same principle; and that there is no case where a drawer, after having parted with a bill for a good consideration, can afterwards set up as a defence an antecedent usurious contract between himself and the acceptor. Ibid. So, in an action on the indorsement of a note, the indorsee need not prove the hand-writing of the maker, *Free* v. *Hawkins*, 1 Holt, 550; and he may recover though the note be forged. *Lambert* v. *Oakes*, 1 Ld. Raym. 443.—*Codwise* v. *Gleason*, 3 Day, 12.