Nov. Term,
1849.

HAMILTON
v.
PEARSON.

---

HAMILTON *v.* PEARSON and Another.

In a suit by the assignee against the assignor of a promissory note, it is not necessary to prove the execution of the note; and if the note is a forgery, the indorser is liable on his indorsement.

When objection is made to evidence, the record must show the causes of objection, and that they were pointed out to the Court below, or the overruling of the objection cannot be assigned for error.

Wednesday,
December 5.

ERROR to the *Grant* Circuit Court.

BLACKFORD, J.—This suit, which was commenced by a writ of foreign attachment, was founded upon an indorsement of two promissory notes. The plaintiff in error was the defendant below. The defendant appeared and pleaded the general issue without oath; and he had leave, by the plaintiff's consent, to give in evidence any special matter of defence.

On the trial the defendant objected to the notes and indorsements as evidence, because the execution of the notes was not proved, but the objection was overruled.

The defence relied on by the defendant was his discharge under the bankrupt law of the *United States* of 1841, which discharge was proved.

The plaintiffs undertook, under the 4th section of the bankrupt law, to impeach the discharge for fraud. The evidence of the fraud was objected to, but the objection was overruled.

The cause was submitted to the Court and judgment was rendered for the plaintiffs.

The principal errors assigned are—1st. That the notes and indorsements were not admissible in evidence without proof of the execution of the notes; 2d. That the evidence impeaching the discharge for fraud ought not to have been received; 3d. That the evidence of fraud was insufficient.

The answer to the first objection is, that as the suit was not against the maker of the notes, but against the indorser, it was not material whether the notes had been executed or not. Supposing them to have been forgeries, the defendant would, nevertheless, be liable on the indorsement. See *Johnston* v. *Dickson*, 1 Blackf. 256, and notes.

The second objection is founded on the 4th section of the bankrupt law, which requires the plaintiff, when he intends to impeach the discharge for fraud, to give the defendant notice of the objections. In this case the evidence of fraud was objected to, but the causes of the objection were not pointed out; and we cannot, therefore, say that the overruling of the objection was erroneous. If the objection to the evidence of fraud in obtaining the discharge was, that no notice had been given that such evidence would be offered, the want of such notice should have been stated to the Court as the ground of the objection. *Russell* v. *Branham*, 8 Blackf. 277.

The third objection depends entirely upon the weight of evidence. There was a good deal of evidence strongly tending to show that much of the defendant's property had not been surrendered on his application under the bankrupt law, and that such property had been fraudulently concealed by him. There is, therefore, no error in this part of the case.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Brownlee*, for the plaintiff.