STEPHENS and Another *v.* MUIR.

The defense of usury is personal to the borrower and his heirs or representatives.

A vendee of real estate who purchased subject to a mortgage tainted with usury, cannot avail himself of that defense against a bill for foreclosure.

*Semble,* that such vendee might set up the usury, with the consent of the party who made the usurious contract, and who was to suffer by it.

And if such party to a usurious contract be made a party to the action, he may set up usury as a ground of equitable relief to himself.

*Friday,*
*December 12.*

APPEAL from the *Decatur* Circuit Court.

STUART, J.—Bill in chancery to foreclose a mortgage, filed in *March,* 1853. *Stephens* and *Murphy* answered; demurrer to the answer sustained; and decree for 1;210 dollars. *Stephens* appeals.

The bill alleges that one *Joseph Clarke* was indebted to *Muir* in the sum of 535 dollars and 79 cents, by note under seal, dated *September* 24, 1841, due in twelve months, which, if not paid at maturity, was to draw 10 per cent. interest from date, till paid; and that the mortgage was given to secure the payment of this note.

It is further shown, that after the execution of the mortgage, *Clarke* sold the mortgaged premises to *Stephens,* subject to the mortgage, which it is alleged *Stephens* agreed with *Clarke* to pay. It further appears that *Stephens* sold to *Murphy* the lands embraced in the mortgage, with averment of non-payment of the note at maturity, and that no part had since been paid.

*Stephens* and *Murphy* answer (the latter by consent adopting the answer of *Stephens*), that the matters alleged in the bill as to the note, mortgage, &c., are true; but that *Stephens* agreed with *Clarke* to pay what was justly due on the mortgage; that there was justly due thereon only 150 dollars; that as to the residue, it was usurious; that it originated in this way, viz., that in *February,* 1840, *Clarke* being in embarrassed circumstances, applied to *Muir* to borrow 100 dollars for a year, for which he gave his note to *Muir* for 137 dollars and

fifty cents, with interest at 10 per cent., in case of non-payment at maturity; that in *February*, 1841, *Clarke* borrowed 200 dollars, and gave his note to *Muir* for 275 dollars, on the same terms as the former note; that on the 15th of *March*, 1841, *Clarke* paid 150 dollars on the two loans; that in *September*, 1841, *Muir* and *Clarke* agreed upon another year's extension upon a new note for 535 dollars and 79 cents, and securing it by mortgage—which are the note and mortgage in suit.

It is further averred that the two loans—one of 100 dollars, in *February*, 1840, and the other of 200 dollars, in *February*, 1841, were the sole consideration for the note of *September*, 1841, now sued on; that 150 dollars being paid on these loans in *March*, 1841, the residue, except 150 dollars, is usurious and unconscionable. The answer is sworn to, as required by the bill.

The old practice was still in force when the bill was filed; but the demurrer filed *April*, 1854, conforms to the new practice—showing for cause of demurrer that the answer does not state facts sufficient to constitute a defense, in this, viz., the defendants cannot take advantage of the usury, if there was any in the original mortgage.

The correctness of the ruling below, in sustaining this demurrer, is the only question before us.

The statute in force at the date of the contract, authorized interest to be taken at the rate of 10 per cent. if it was so stipulated in writing. R. S. 1838, p. 337.

In *Kentucky*, it is held that the defense of usury is personal to the borrower and his heirs or representatives. *Campbell* v. *Johnston*, 4 Dana, 177. The case was this: *Johnston*, the assignee of three of five promissory notes, secured by a deed of trust in the nature of a mortgage, filed his bill to foreclose, alleging against the assignees of the other two notes, that the contract of assignment was usurious. On this state of facts the court say that, "Usury in the assignment, if true, cannot be taken advantage of by *Johnston*. It is a matter *inter alios acta*, which concerns the assignee and his repre-

VOL. VIII.—23.

sentatives only. It is not charged that the note is infected with usury, but only the assignment. The statutes of usury were made for the benefit of the borrower alone. He may receive their benefit if he chooses. But it is not in the power of a stranger to take advantage of them, or shield himself under legal provisions intended for the protection of another." But it is in this case impliedly admitted, that it would be competent to set up usury with the consent of the party who made the usurious contract, and who was to suffer by it. Such, we think, is also the spirit of *Cole* v. *Dart*, 8 Paige, 639; *Cole* v. *Savage*, 10 *id*. 583; *Gordon* v. *Hobart*, 2 Sumn. 401; *Cole* v. *Savage*, 1 Clark, N. Y. 482; *Moffat* v. *McDowall*, 1 McCord Ch. 434; *Fenno* v. *Sayre*, 3 Ala. 458.

Had *Clarke*, from whom the usury was exacted, been made a party, and had he urged the facts as a ground of equitable relief to himself, personally, the very authorities which make against the relief, when sought by *Stephens*, would have been conclusive in favor of *Clarke*.

*Per Curiam.*—The decree is affirmed with 1 per cent. damages and costs.

DAVISON, J. was absent.

*J. Ryman*, *J. S. Scobey*, and *W. Cumback*, for the appellants.