## CONWELL and Another *v.* PUMPHREY.

In defense to a suit on a promissory note, the maker cannot set up usury in a transaction to which he was a stranger.

The contract of assignment is in no way connected with the consideration of the note; and if that contract be tainted with usury, it only affects the promise of the assignor; and so far as the assignment operates as a transfer of the note to the assignee, it is neither void nor voidable.

It is no defense to a promissory note payable in current funds, to allege an offer to pay in such funds, unless a readiness to pay the funds, and that they are brought into Court, be also alleged.

Where the consideration of a promissory note was a certain sum in bank-

notes, and the payee pleads a partial failure of consideration by reason of the depreciated value of the bank-notes, he must also show that when he gave the note he was not apprised of the depreciated value of the consideration.

Where a promissory note on its face indicates an honest purpose, and there is no averment of a corrupt intent to evade the statute against usury, it will be presumed to have been made in good faith.

If in a suit by the assignee upon a promissory note, the assignor be made a defendant, served with process, and regularly defaulted, the assignment is sufficiently proved; and, the plaintiff having possession of the note, his right of action is established.

The construction of a contract should accord with its terms as understood and assented to by the parties.

Thus, where a promissory note was perfect as a money demand, without the addition of the words "payable in current funds,"—*held*, that the addition of these words made it a contract to pay in funds other than money.

APPEAL from the *Fayette* Circuit Court.

DAVISON, J.—The appellee, who was the plaintiff, sued *Abraham B.* and *Lafayette Conwell,* partners under the name of *A. B. Conwell & Sons,* upon a promissory note, which reads thus:

"$1,234 40-100.    *Connersville, October* 20, 1854.    One day after date we promise to pay *Elisha Cockefair,* or order, twelve hundred and thirty-four dollars and forty cents, for value received,—*payable in current funds.* [Signed,] *A. B. Conwell & Sons.*"

*Cockefair,* the payee, having assigned the note to the plaintiff without indorsement, was made a defendant, and though duly served with process, he failed to appear, and was regularly defaulted.    The *Conwells* answered—

1. By a general denial.

2. That if any assignment was made by the payee to the plaintiff, it was made in consideration that the assignee would pay the assignor twelve and one-half per centum per annum on the amount specified in the note, which is a higher rate of interest than is allowable by law; wherefore the assignment is void.

3. That the defendants, on the first day of *January,* 1855—the plaintiff at that date having the note in his possession and claiming it as his own—offered to pay him the amount thereof in funds current in *Connersville*—the same

being ten per centum under specie funds—which funds, so offered, he refused to receive, &c.

4. That on the 20th of *October*, 1854, the date of the note, *Cockefair*, the payee, had 1,234 dollars and 40 cents on hand, the same being the issues of the various free banks of this state, and at a discount of 5 per cent., as compared with par funds; and that he requested the defendants to receive the same, which they accordingly did, and gave him the note sued on; wherefore they say, that, as to 5 per cent. of the sum specified in the note, there is no consideration, &c.

5. That current funds are 5 per cent. under specie funds; and that the sum of money due on the note is 5 per cent. less than the amount stated on its face, &c.

Demurrer sustained to the second, third and fourth paragraphs. To the fifth, the plaintiff replied that current funds are par funds. The Court tried the cause, and found for the plaintiff the full amount of the note and interest; and over a motion for a new trial he obtained a judgment.

Were the demurrers erroneously sustained? This is the first question to be considered.

The second defense sets up usury in a transaction to which the *Conwells* are strangers, and is, therefore, not an available bar to the action. *Jackson* v. *Henry*, 10 Johns. 185. The contract of assignment is in no way connected with the consideration of the note; and though such contract may be tainted with usury, still, it only affects the promise of the assignor. So far as the assignment operates as a transfer of the note to the assignee, it is neither void nor voidable. *Knights* v. *Putnam*, 3 Pick. 184.—*Littell* v. *Hord*, Hardin's R. 81 (1).

There is also a material defect in the third paragraph. It professes to have offered to pay "in current funds;" but fails to allege a readiness to pay the funds offered, nor does it appear that they were brought into Court.

The fourth defense is for a partial failure of consideration; but it is not shown that the defendants, when they gave the note, were unapprised of the value of the free

bank issues. There being no fraud in the transaction, it is difficult to perceive upon what principle the pleading can be sustained. "When a party gets all the consideration he honestly contracted for, he cannot say that he gets no consideration or that it has failed." It is, however, insisted that the paragraph shows a loan of uncurrent bank bills at their par value, to be paid in current funds with legal interest on the nominal amount, and that the note is, therefore, usurious. But the note on its face indicates an honest purpose, and there being no averment of a corrupt intent to evade the statute in relation to usury, the contract must be sustained. We must intend that it was made in good faith. *Shook* v. *The State*, 6 Ind. R. 113.

Upon the trial, the plaintiff gave in evidence the note in suit and rested. And thereupon, the defendants produced one *William Beck*, who testified "that specie funds were worth from three-fourths to 1 per cent. more than current paper." This was all the evidence. And the remaining inquiry is, Was it sufficient to sustain the judgment? The evidence is said to be insufficient, because the assignment of the note is not proved. The code says that, "when any action is brought by the assignee of a claim arising out of contract, and not assigned by indorsement in writing, the assignor shall be made a defendant, to answer as to the assignment, or his interest in the subject of the action." 2 R. S. p. 28. Here, the assignor was made a defendant, and was duly served with process, but he failed to appear, and was regularly defaulted. This default, in effect admitted the assignment. Additional evidence on that point was unnecessary. And the plaintiff having the possession of the note, his right of action was sufficiently established.

Again, it is contended that the note is not payable in money, and that the finding of the Court is, therefore, not supported by the evidence. As a general rule, the construction of a contract should accord with its terms as understood and assented to by the parties. The note before us was perfect as a money demand, without the addition of the phrase "payable in current funds;" and unless

that phrase was intended to allow payment in funds other than money, it is not easy to see why it was used. We are of opinion, that the note involves a contract to pay in current paper funds, and, as shown by the testimony, such funds are at least three-fourths of 1 per cent. under specie funds. It follows that the finding of the Court was excessive, and for the amount of such excess, the judgment is erroneous.

*Per Curiam.*—If, however, the plaintiff will remit the excess, viz., 22 dollars and 31 cents, the judgment will be affirmed. Otherwise it must be reversed. Costs against the appellee.

*J. A. Fay*, for the appellants.

*B. F. Claypool*, for the appellee.

(1) And see *Johnston* v. *Dickson*, 1 Blackf. 256, and note.