STEIN and Wife *v.* INDIANAPOLIS, &c., ASSOCIATION.

If a corporation contracts by a style which is usual in creating corporations, and which discloses no individuals, a corporate existence will be implied, and need not be specially averred in a complaint against the corporation.

The act of 1857, concerning Building Loan Fund and Saving Associations, is constitutional, and the Legislature had power to enact it, and so far as it relates to such associations organized before its passage, it only effects remedies, and does not vary liabilities, or divest rights.

A vendee of real estate, who purchased subject to a mortgage tainted with usury, can not avail himself of that defence against a bill for foreclosure.

The defence of usury is personal to the borrower or his heirs or representatives.

APPEAL from the *Marion* Circuit Court.

DAVISON, J.—This was an action by the appellees, who were the plaintiffs, against *Cyrus Obetz*, and his wife, *Sophia Obetz*,

and *Frederick Stein* and *Elizabeth Stein*, his wife, to foreclose a mortgage executed by *Cyrus Obetz* and wife to the plaintiffs. The mortgage bears date *April* the 5th, 1856, was upon certain lands in *Marion* county, and was given to secure the performance of the conditions of a bond, executed to the plaintiff by the said *Cyrus Obetz*. The bond is in these words:

"Know all men, &c., that *Cyrus Obetz* is held and firmly bound unto the Trustees of *The Indianapolis Building Loan Fund and Savings Association* in the sum of 1,500 dollars, which well and truly to be paid, does bind himself, his heirs, &c., firmly by these presents, sealed with his seal, and dated this 31st day of *March*, 1856. The conditions of the above obligation are such that, whereas, the above bounden *Cyrus Obetz* was the owner of three shares of stock in said association; and that on the 31st of *March*, 1856, he sold said shares of stock to said association for the sum of 400 dollars and 50 cents, and received payment therefor, with the agreement, on his part, that he would continue to pay his monthly dues on each of said shares of stock, so sold as aforesaid, at the rate of 2 dollars per month, payable monthly; and all fines and assessments that might be assessed against him, and interest on said sum of 2 dollars and 50 cents at the rate of six per centum per annum, payable monthly, during the continuance of said association, and give other and additional security for the payment of said monthly dues, fines, assessments and interest, when deemed necessary by the Board of Directors of said association. Now if the above bounden *Cyrus Obetz* shall well and truly perform his said agreements, and pay his said monthly dues, fines, assessments and interest during the continuance of said association and give other and additional security as aforesaid, then the above obligation to be void and of no effect. But if default be made in either of the above

agreements, then the above bounden *Cyrus Obetz* is to forfeit all monthly dues he may have paid on said shares of stock, so sold as aforesaid, and all fines, assessments and interest he may have paid into said association, and pay back the said sum of 400 dollars and 50 cents, with legal interest thereon from the time of said default. And it is further agreed that monthly dues, fines, assessments and interest, and the said sum of 400 dollars and 50 cents, together, or either of them separately, at the option of said association, may be recovered by action in any court of competent jurisdiction, and successive actions may be brought on this agreement as often as successive defaults, in the payment of said monthly dues, fines, assessments and interest shall occur, during the continuance of said association. In witness whereof, the above named *Cyrus Obetz* has hereunto set his hand and seal, the day and year first above written.     CYRUS OBETZ, [SEAL]."

It is alleged by the complaint that, on the 5th of *April*, 1856, the plaintiff was an association organized and transacting business under certain articles, a copy of which was filed with the pleading, and that the bond and mortgage, sued on, were executed in accordance with the ordinary business transactions of that association. That *Cyrus Obetz*, the obligor of the bond, has failed to perform its conditions in this, that he did not pay his said monthly dues for the month of *September*, 1857, nor for any month since; but that said sum of two dollars on each of said shares of stock, for each and every. month since the month of *August*, 1857, with interest on the sum loaned, and all fines assessed against him, still remain unpaid. It is further alleged that on the 28th of *September*, 1857, the plaintiff, by a vote of her stockholders, entered upon the record of their proceedings, adopted a certain law of this State, approved *March* the 5th, 1857, entitled "an act for the incorporation and continuance of Building Loan Fund

and Savings Associations," and that, on the said 28th of *September*, she caused the aforesaid articles to be acknowledged by the President of her Board of Directors; and, on the 13th of *October* then next following, she filed and caused to be recorded in the recorder's office of *Marion* county a copy of said articles, so acknowledged, and also a duplicate thereof in the office of the Secretary of State. And further, it is alleged, that on the 9th of *February*, 1857, the said *Frederick Stein* purchased of *Obetz* and wife, the mortgagors, all their interest in and to said mortgaged premises. Wherefore the plaintiff prays judgment of foreclosure, &c. *Cyrus* and *Sophia Obetz* were defaulted. *Frederick Stein* and wife demurred to the complaint on the ground that it " does not state facts sufficient to constitute a cause of action;" but their demurrer was overruled, and they excepted.

The defendants, *Stein* and wife, answered by two paragraphs:

*First.* That at the date of the mortgage the plaintiff was not a corporation, but an association composed of certain persons, who assumed the name of the plaintiff without authority of law; that the object of said association was to establish a fund of money to be loaned at exorbitant and usurious rates of interest for the benefit and profit of its members, and not for any lawful purpose whatever; but as a means of avoiding the statutes of this State against receiving or contracting for usurious interest, &c.

*Second.* That on the 25th of *September*, 1855, *Obetz* subscribed for three shares of the capital stock of the aforesaid association, the same being for the sum of 500 dollars each; that he afterwards, on the 31st of *March*, 1856, sold, assigned and transferred upon the books of the association the said stock to the plaintiff, for the sum of 400 dollars and 50 cents, and thereby divested himself of his character as a member of the association; but said mortgage and bond and articles

of association require him, *Obetz*, to pay the association the full amount of said stock, viz: 1,500 dollars, in the manner stated in the mortgage, and also 6 per cent. interest on said 400 dollars and 50 cents, whereby the association has in manner aforesaid contracted for, and reserved to itself, an interest greater than the rate of 6 per cent., to-wit: 30 per cent. per annum; all of which was done knowingly and corruptly on the part of the plaintiff. And defendants say that *Obetz* and *Stein*, prior to the commencement of this suit, had paid to the plaintiff, as interest on said 400 dollars and 50 cents, and and as dues and fines on said three shares of stock, 190 dollars and 30 cents, which ought to be deducted from the amount of the mortgage. Wherefore, as to all of said mortgage, except the sum of 200 dollars, and also the cost of suit, these defendants pray judgment, &c.

Plaintiff demurred to each paragraph of the answer. To the first the demurrer was sustained, but to the second it was overruled. Reply in denial of the second paragraph. The issues were submitted to a jury, who returned the following verdict: "We, the jury, find that there is due to the plaintiff, on the mortgage named in the complaint, of principal and interest, 431 dollars and 88 cents, and that the payment of the same is secured by said mortgage on the lot therein described. Motion for a new trial denied; and judgment on the verdict, &c.

The rulings upon the demurrers are alleged to be erroneous, in this: "that suit should have been instituted in the name of the individuals composing the association, and not in a corporate name, and that the complaint shows that, at the time the bond and mortgage were executed, the association was not incorporated." The latter clause of this position is, in point of fact, incorrect. The complaint does not show that the association, at the date of the contract, was not incorporated. True, it does not allege that the plaintiff was a cor-

poration, nor was it necessary to do so. *Harris* v. *The Muskingum, &c., Co.,* 4 Blackf. 267; *Ferguson* v. *Indianapolis, &c., R. R. Co.,* 13 Ind. 143. "If the style by which a party has contracted is such as is usual in creating corporations, viz: naming the ideality, but disclosing no individual, as is usual in cases of simple co-partnerships," it has been held to imply a corporate existence. This is the rule of decision in this Court. *Harris* v. *Muskingum Co., supra; Jones* v. *Cincinnati Type Foundry,* 14 Ind. 89, and authorities there cited. But suppose the plaintiff had no corporate existence when the contracts were executed, still, it must be conceded that she had such existence when this suit was instituted, if the legislative enactment referred to in the complaint is valid. Section 1 of that act provides for the organization and incorporation of "Building Loan Fund and Savings Associations." Section 2 says an association, formed after the enactment of the law, may sue, &c., in their corporation name, and section 10 declares that any such association already organized shall have the benefit of this law; but they shall cause their articles of association to be acknowledged by the President of the Board of Directors, and recorded in the recorder's office of the county; and a duplicate thereof to be filed in the office of the Secretary of State, &c. Acts 1857, p. 75. The complaint very plainly shows that the association, prior to the institution of this suit, recognized the act to which we have just referred, and placed herself fully within its requirements. But the appellant insists that the enactment, so far as it relates to associations formed prior to its passage, is inoperative. We think otherwise. The law thus enacted affects only the remedy, does not vary liabilities; nor does it, in any degree, tend to divest vested rights. In its absence the suit could have been well brought in the names of the individual members of the association, hence the authority, given by the law, to sue in a corporate name, is a mere change in the mode of

proceeding, which relates, alone, to the form of the remedy. The law in question is consistent with the constitution, and the Legislature had power to enact it. *Graham* v. *The State,* 7 Ind. 470; Smith's Comm. 308, 389; *Aurora, &c., Co.* v. *Holthouse,* 7 Ind. 59; Ind. Dig. 270.

The defendants, *Stein* and wife, at the proper time, moved various instructions, to the effect that, if the jury believed that if the payment of fines, dues and interest made subsequent to the mortgage was intended to be for the use of money loaned upon the mortgage, they must find that the defendants, *Stein* and wife, are entitled to a credit to the full amount of fines, dues and interest paid since the date of the mortgage. The instructions were refused and defendants excepted. Against this ruling it is assumed that the contract is usurious, and that, therefore, the Court erred in refusing the instructions.

This position seems to be incorrect. As we have seen, the defendant, *Obetz,* who was the mortgagor, was defaulted; *Stein* and wife alone appeared and defended. They were not parties to the mortgage; but had purchased the mortgaged premises. And the general rule is that "a vendee of real estate who purchased subject to a mortgage tainted with usury can not avail himself of that defence against a bill for foreclosure." *Stevens* v. *Muir,* 8 Ind. 352. The defence of usury is personal to the borrower and his heirs or representatives. *Campbell* v. *Johnson,* 1 Dana 177. This exposition at once shows that the defendants, being the vendees merely of the mortgaged premises, had no right to set up usury in defence of the action, though the mortgage may include usurious interest. *Conwell* v. *Pomphrey,* 9 Ind. 135. And the result is, the Court, in refusing the instructions, committed no error.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*Wallace & Coburn,* for the appellants.