## PRICE ET AL. *v.* POLLOCK ET UX.

VENDOR AND PURCHASER.—*Agreement to Pay Mortgage Debt.*—A purchaser of real estate, who takes it subject to a mortgage debt, which he assumes and agrees to pay as a part of the purchase-money, cannot, in a suit to foreclose the mortgage, set up that there was, as between the mortgagee and mortgagor, a failure or want of consideration, in part.

From the Wayne Common Pleas.

*J. P. Siddall*, for appellants.

*L. D. Stubbs*, for appellees.

DOWNEY, J.—Action by Olive H. Pollock and William A. Pollock, her husband, against the appellants, to foreclose a mortgage. It is alleged in the complaint, that on the 1st day of March, 1869, James Cook, one of the defendants, by his note, promised to pay the said Olive H. Pollock, by her name of Olive H. Bowen, three thousand dollars, etc., which is due and unpaid; that Cook and his wife executed a mortgage on certain real estate to the said Olive H. Bowen to secure the payment of said debt; that said Olive H. was then

an unmarried woman, but afterward intermarried with said
Wm. A. Pollock; that on the 15th day of March, 1869, the
said mortgage was duly recorded, in, etc.; that on the 1st day
of March, 1869, the said James Cook and wife executed a second
mortgage on said real estate to Clovis H. Bowen, to secure a
certain note made by said James Cook to him, which was
recorded, etc.; that on the 25th day of June, 1869, said James
Cook and wife sold the said real estate, and conveyed it in fee
simple to Charles T. Price, one of the defendants, he agree-
ing to pay off the mortgages thereon; that on the 20th day
of December, 1869, the said Charles T. Price laid off said
real estate in town lots, and named the same South Rich-
mond, and caused a plat of it to be made and recorded, etc.

The complaint then alleges various sales and conveyances
of lots in said South Richmond to the persons who are made
defendants in the action, with the persons already named.
Prayer for judgment against said James Cook and Charles
T. Price for four thousand dollars, for foreclosure of the
mortgage, and sale of the property, etc., and for the determi-
nation of the priority of liens between the parties, and for
other proper relief.  Copies of the note and the mortgage
of the plaintiffs are made part of the complaint.

The defendants all appeared, except James Cook, who was
not served with process, and, except Cook and Bowen,
answered in three paragraphs.

The second paragraph is, in substance, as follows: that
the note was given for a part of the purchase-money of the
mortgaged premises sold by the plaintiff Olive H. to Cook;
that the plaintiff, at the time of the sale, represented to
Cook that there were one hundred and eighty-six acres and
forty-six poles of the land; that Cook had no knowledge of
the number of acres, and relied upon the statement of the
plaintiff; that the sale was made by the acre, at one hundred
and fifty dollars per acre, and the note executed upon that
computation; that Price afterward purchased the land of
Cook, both Cook and Price believing at the time that the
quantity of the land was as represented; that Price, as part

consideration of the purchase and as payment for the land, assumed the payment of the notes; that the land contains four acres less than the quantity represented, making six hundred dollars and interest, to which extent the paragraph relies upon these facts as a defence.

The plaintiffs demurred to the second paragraph of the answer, for the reason that it did not state facts sufficient to constitute a defence, and the demurrer was sustained by the court.

Clovis H. Bowen filed an answer and cross complaint, setting up his notes and mortgage, and asking a judgment in his favor.

The appellants demurred to this answer and cross complaint, on the ground that the same did not state facts sufficient to constitute a cause of action, and the demurrer was overruled.

The appellants then answered the cross complaint in two paragraphs, to the first of which a demurrer was filed by Bowen, and sustained by the court.

On the trial of the cause, there was a finding and judgment for the plaintiffs, and a finding and judgment against Clovis H. Bowen, because his note and mortgage were not yet due.

The errors assigned are :

1. Sustaining the demurrer to the second paragraph of the answer of the appellants, Price and others, to the original complaint.

2. Sustaining the demurrer of *Clovis H. Bowen* to the answer of Charles T. Price and others to the answer and cross complaint of Clovis H. Bowen.

3. Overruling the demurrer of Charles T. Price and others to the answer and cross complaint of Clovis H. Bowen.

The fact that the court, on the final hearing, rendered a judgment against Clovis H. Bowen, renders it unnecessary for us to examine the questions relating to his answer and cross complaint, or the answer thereto.

The only question for our consideration and decision is

that relating to the sufficiency of the second paragraph of the answer of Charles T. Price and others to the original complaint.

The question is, whether Price and those claiming by purchase from him can be allowed to allege and show a failure of the consideration, in part, of the notes executed by Cook to the plaintiff Olive H., by showing a misrepresentation made by her to Cook as to the quantity of land in the tract for which the note was executed, he having agreed, when he purchased the land, to pay off the note. In other words, as he agreed with Cook, as part of the price which he was to give for the land, to pay off the note held by Olive H., can he now set up that there was, in part, a failure or want of consideration for that note? Can he avail himself of a partial defence which Cook might have made had he been sued on the note, or must he pay the note in full, as he agreed to do?

It will be observed that it is not alleged in the second paragraph of the answer, that Cook represented to Price that there was any certain quantity of land. It is only alleged that both Cook and Price believed that the quantity of the land was as represented. It would seem, therefore, that had the question been between Price and Cook, Price could not have sustained an action against Cook for any deficiency in the quantity of the land. The mere fact that Cook and Price believed that there was a certain number of acres, would not furnish a right of action, or a ground of defence by Price against Cook. Had Cook made the same false representation to Price which the female plaintiff is alleged to have made to Cook, the case would have presented a different question from that presented by the facts as they now appear. Had Cook conveyed to Price by warranty deed, without any agreement on the part of Price to pay off the incumbrance, and had it been attempted to enforce the claim against the land, it would then have been the right and duty of Price to resist the payment of any more than was actually due upon the incumbrance, for that would have been the amount for

which Cook would have been liable to him on the covenants in the deed. But in the case under consideration, the agreement of Price to pay the incumbrance would prevent him from having any action against Cook on the covenants in the deed, in consequence of its payment. It would thus appear, that if Price can have any deduction made from the amount of the plaintiff's claim, it must be on some other ground than that of the existence of any cause of action which he could assert against Cook.

It does not appear for what price the land was sold by Cook to Price, or whether it was by the acre or otherwise that it was sold. As it nowhere appears that Cook, in any way, transferred to Price any right which he had as against the vendor of Cook, it would seem that if any right of action existed in favor of Cook, he might still have his action therefor against her, notwithstanding the sale and conveyance of the land to Price. This consideration would, of itself, show that Price could not make use of such right of action in favor of Cook, to shield himself from the payment of the amount which, as a part of the price of the land, he agreed to pay. Should Price be allowed to deduct the damage sustained by Cook on account of the misrepresentations of Olive H., we can not see that Olive H. would not, or might not, be again made liable, at the suit of Cook, to pay the amount to him.

It is settled by several decisions of this court, that one purchasing land subject to an incumbrance can not set up the defence of usury, and this seems to be the case whether there is an express promise to pay the incumbrance by the purchaser or not. *Stein* v. *Indianapolis, etc., Association*, 18 Ind. 237; *Conwell* v. *Pumphrey*, 9 Ind. 135; *Stephens* v. *Muir*, 8 Ind. 352; *Wright* v. *Bundy*, 11 Ind. 398; *Butler* v. *Myer*, 17 Ind. 77.

We are not referred to any case in this court, where the very question involved in the case under consideration has been decided. In *Freeman* v. *Auld*, 44 N. Y. 50, the action was to foreclose a mortgage. The facts were, that Allen

and Stevens, the owners of real estate, mortgaged it to the Home Insurance Co. for four thousand dollars ; the company advanced upon it two thousand dollars, and no more. Allen and Stevens conveyed their equity of redemption in the mortgaged premises to Buckley for a consideration expressed in the deed, from which the four thousand dollars were deducted. The conveyance was made subject to the payment of the mortgage, and Buckley covenanted to pay it. Buckley conveyed the premises to Coyle, who conveyed to Auld, the defendant. Each conveyance was made subject to the payment of the mortgage, and, from the consideration agreed to be paid by each grantee, the sum of four thousand dollars was deducted. Afterward, Allen and Stevens being indebted to the plaintiff, Freeman, procured the insurance company to assign the mortgage to him, for which he paid to the company two thousand dollars, and credited Allen and Stevens with two thousand one hundred and forty dollars, the balance of the four thousand dollars specified in the mortgage, with the accumulated interest thereon. The defendant tendered the amount advanced on the mortgage by the insurance company, with interest thereon. The plaintiff declined to receive the amount, and sued to foreclose the mortgage, claiming the full amount, and recovered accordingly. On appeal to the general term, this judgment was reversed. On a second trial, a recovery was had for two thousand dollars, the sum advanced by the insurance company, which, on appeal to the general term, was affirmed; and the question before the court of appeals was upon the correctness of the last named judgment. It was held that the plaintiff was entitled to recover the full amount of the mortgage as against Auld. GRAY, C., said: " His situation is no better than one who takes title to lands subject to the payment of an usurious mortgage, which by statute is absolutely void. The purchaser taking title subject to it is estopped from questioning its validity, and must pay it if he has agreed to; and if not, he must allow the lands conveyed subject to it, to be applied to its payment. * * * Allen

and Stevens had the right, which no purchaser from them had the right to gainsay, to pay or provide for the payment of the full amount specified in this mortgage. The provision here made for its payment was not for the benefit of Buckley, or Coyle, or Auld. Each of them was a stranger to it. Neither of them had any legal interest in it."

Hunt, C., said: "The premises were purchased by the defendant, and conveyed to him 'subject, nevertheless, to certain mortgages now a lien on said premises; one made to the Home Insurance Company, to secure the sum of four thousand dollars, with interest, and the other made to Ira A. Allen, to secure the sum of one thousand dollars.' In receiving his conveyance upon these terms, the defendant admitted and agreed, that this four-thousand-dollar mortgage was a lien upon the premises. He can not now deny it. If the conveyance had contained the further words, 'which the said grantee hereby assumes and promises to pay,' a personal liability would also have existed, by which he could have been compelled actually to pay the mortgage, although the deed was not signed by him." He cites *Lawrence* v. *Fox,* 20 N. Y. 268, and *Ricard* v. *Sanderson,* 41 N. Y. 179.

Without further quotations, we cite, as supporting this doctrine, *Horton* v. *Davis,* 26 N. Y. 495, and *Ferris* v. *Crawford,* 2 Denio, 595.

In our opinion, the common pleas committed no error in sustaining the demurrer to the second paragraph of the answer.

The judgment is affirmed, with three per cent. damages and costs.