STUDABAKER ET AL., EX'RS, *v.* MARQUARDT ET AL.

USURY.—*Mortgage Securing Usurious Contract.*—*Foreclosure against Purchaser.*
—The purchaser of real estate, with covenants of warranty and against incumbrances, in an action against him to foreclose a mortgage thereon, given by his grantor to secure a promissory note, can not avail himself, as matter of defence, of the fact that the debt for which such note was given was usurious.

SAME.—*Defence.*—*To whom Available.*—That a contract is usurious is a defence which is personal to the debtor, and is available only to himself, his creditors, representatives, heirs, or some one by him authorized.

SAME.—In this State usurious contracts are not void, but only voidable as to the part which is usurious.

From the Allen Circuit Court.

*J. A. Fay, J. Morris* and *W. H. Withers,* for appellants.
*L. M. Ninde,* for appellee.

BIDDLE, J.—John K. Evans, the deceased, made a usurious loan of money to William B. Daniels, who executed his promissory note for the amount, which was also secured by a mortgage on certain lands. Afterwards, Daniels sold the lands to Alfred Marquardt, received the purchase-money, and conveyed the same accordingly, with covenants of warranty and against incumbrances, Daniels agreeing to discharge the mortgage given by him to Evans. Marquardt afterwards, without the mortgage having been discharged, sold and conveyed the lands, with covenants of warranty and against incumbrances, to Alcie C. Huffman, who paid the purchase-money to Marquardt, with notice of the mortgage of Daniels to Evans. This suit was brought by Evans, against Marquardt and Huffman, to foreclose the mortgage and sell the lands. Daniels was not made a party to the record. Mrs. Huffman, in various paragraphs of her answer, sets up the usury in the loan made by Evans to Daniels, as so far a bar to the action. A statement of the pleadings may be dispensed with, as no question arises upon them, which, in the view we take of the case, needs to be decided. The issues are sufficient to sustain the verdict, which is in the following words:

" We, the jury, not being advised upon the law, find a special verdict on the issues in this case, as follows:

" 1st. We find that the notes in the complaint set forth were given by the said Daniels, to the plaintiff, on the 24th day of August, 1866, upon and in pursuance of an agreement between him and the plaintiff for a loan of money, which was as follows:

" The said Daniels applied to the plaintiff for a loan of money, and the said Evans agreed to loan the said Daniels the sum of eighteen hundred dollars, twelve hun-

dred thereof for one year, and six hundred thereof for two years, upon the said Daniels paying the said Evans eighteen per cent. in advance, thereon, to wit, the sum of four hundred and thirty-two dollars; that the said Daniels agreed to take said eighteen hundred dollars, and pay for the use thereof and as interest thereon the said sum of four hundred and thirty-two dollars, in advance. That thereupon the said Evans counted out and placed upon the table around which the parties were, eighteen hundred dollars, and the said Daniels then told the said Evans to take therefrom the eighteen per cent., which the said Evans did, amounting to four hundred and thirty-two dollars, and the said Daniels took the thirteen hundred and sixty-eight dollars.

"We further find, that the said Daniels agreed to pay, and did pay, said interest, [without] any coercion on the part of said Evans. That said payment, on the part of said Daniels, was made voluntarily and upon his own agreement.

" We further find, that it does not appear that the said Daniels authorized the defendant Huffman to make or set up the defence of usury in this case.

"We further find, that, after the execution of said mortgage in the complaint mentioned, the said Daniels sold and conveyed the premises therein described, to the defendant Marquardt, for the sum of three thousand one hundred dollars, which sum the said Marquardt paid to the said Daniels, before the commencement of this suit. That said conveyance, from the said Daniels, to the said Marquardt, contained covenants of warranty and against incumbrances; that said Daniels, at the time he sold and conveyed the said premises to the said Marquardt, agreed to pay and discharge said mortgage.

" We further find, that the said Marquardt, before the commencement of this suit, sold and conveyed said premises to the defendant Alcie C. Huffman, by deed, with covenants of warranty and against incumbrances; that said

last named defendant did not agree to assume or pay said mortgage; that she was to pay for said land three thousand one hundred dollars, or three thousand two hundred dollars, and the same was paid to the said Marquardt, at the time said deed was made; that the purchase was made by her mother, who knew of said mortgage.

"We further find, that said mortgage was duly recorded in Allen county, on the 27th day of August, 1866.

"We further find, [that] there was paid on said notes, on the 31st day of August, 1867, one thousand and seventeen dollars, and on the 31st day of December, 1868, one hundred dollars. If, upon the facts as above found, the court is of opinion that said contract was usurious, and that the plaintiff is not entitled to interest beyond six per cent. upon the thirteen hundred and sixty-eight dollars, from the time it was loaned, then we find for the plaintiff in the sum of four hundred and seventeen dollars and seventeen cents.

"And if, upon the facts found, the court is of opinion that said contract is not usurious, then we find for the plaintiff in the sum of eight hundred and thirteen dollars and eighty cents."

After the verdict, several motions were made on behalf of the appellee Alcie C. Huffman, and exceptions taken to the rulings thereon, but no cross errors have been assigned; they are therefore not before us.

Evans then moved for a judgment in his favor for eight hundred and thirteen dollars and eighty cents, as found in the alternative by the verdict; the motion was overruled, and exceptions properly taken. Judgment was rendered in favor of Evans, for four hundred and seventeen dollars and seventeen cents. His executors appeal to this court.

The main question raised in the record and discussed by the parties is, can Mrs. Huffman avail herself of the usury suffered by Daniels, in defence of this action?

In *Stephens* v. *Muir*, 8 Ind. 352, this court held, that

Studabaker *et al.*, Ex'rs, *v.* Marquardt *et al.*

the defence of usury was personal to the borrower and his heirs or representatives, and that a vendee of real estate, who purchased subject to a mortgage tainted with usury, could not avail himself of that defence, against a bill for foreclosure, unless it was by the consent of the party who made the contract and suffered by the usury. In *Conwell* v. *Pumphrey*, 9 Ind. 135, it was held, that a maker of a promissory note could not set up the defence of usury in a transaction to which he was a stranger. The case of *Wright* v. *Bundy*, 11 Ind. 398, decides, that when a debtor does not set up the defence of usury, a third person can not without the debtor's consent. *Borum* v. *Fouts*, 15 Ind. 50, decides the same question in like manner. We are aware that the latter case, as to what constitutes usury, has been modified by *Newkirk* v. *Burson*, 28 Ind. 435, but as to the point before us, it is not impaired. The ruling in *Stein* v. *Indianapolis, etc., Association*, 18 Ind. 237, is in harmony with *Stephens* v. *Muir* and *Conwell* v. *Pumphrey*, *supra*. In *Butler* v. *Myer*, 17 Ind. 77, and in *Cole* v. *Bansemer*, 26 Ind. 94, it is held, that the creditor of a usurious borrower may take advantage of the usury without his permission, as his representative might, for the purpose of protecting his own rights. With these authorities before us, and some research amongst other decisions, we think it must be held, as the settled law of this State, that no person can take advantage of usury in a loan of money, as a defence against its payment, except the borrower or some one authorized by him to make such defence, or his heir, his representative, or creditor. This rule, it seems to us, is decisive of the case before us. Mrs. Huffman was not the borrower; she was not authorized by the borrower to make the defence of usury; she is not his heir, his representative, nor his creditor. In truth, she is a stranger to the transaction. She purchased the land with notice of the mortgage, took the conveyance with covenants of warranty and against incumbrances, without fraud, and, as far as appears, with-

out any knowledge, at the time, of the usury in the loan to Daniels, and enjoys just what she purchased. We see nothing of which she can legally complain. If the doctrine contended for by the appellees were to prevail, it would simply transfer the usury, from the pocket of the usurer, to the credit of one who has no interest in it whatever. This would neither redress the wrong, assert the right, nor subserve justice in any way. Neither the borrower nor any one interested in the transaction would be benefited thereby. Though the gain of the usurer may be ill gotten, the law will not take it from him, merely to give it to some one who has no right to it at all. We think the rule we have laid down is founded in justice, supported by reason, fortified by authority and approved by experience, and that the court below erred. *Price* v. *Pollock,* 47 Ind. 362.

The judgment is reversed, with costs. Cause remanded, with instructions to sustain the motion for judgment for the sum of eight hundred and thirteen dollars and eighty cents, with interest from the 1st day of February, 1871, and costs of suit.

Pettit, J., dissents.

### ON PETITION FOR A REHEARING.

Biddle, J.,—The counsel for the appellees has presented us with an elaborate petition and brief for a rehearing, upon a question which he scarcely mooted in his original argument. We suggest that it would have been better if the counsel had brought his labor and his learning to the case, before it had been submitted.

After combating the opinion delivered in this case, and the authorities upon which it rests, running from 8 Ind. to the present time, as being contrary to all precedent, he fails to cite a single case in conflict with the ruling. He cites several cases from other States, wherein usurious contracts have been declared void directly by statute, or

held void by the courts as being against a statute, and therefore can not be enforced against any person, whether party, privy or stranger; but that is not the case we are considering.  In this State, usurious contracts are not void; they are only voidable *pro tanto*, and can be defended against only by the borrower, his representative, or a creditor.  A stranger cannot interfere between the borrower and usurer, merely to defeat the contract; nor a speculator, for the purpose of saving the usury to put in his own pocket.  Such a rule would simply rob the borrower and usurer alike, and give the usury to a third person; and this would be precisely the effect of the doctrine contended for by the petitioner.  The rule adopted in the opinion in this case has been the law of this State, supported by repeated decisions of this court, for nearly a quarter of a century.  We shall not depart from it, unless we find far stronger reasons against it than any shown us, even in this able and careful petition for a rehearing.

The petition is overruled.