PHŒNIX ASSUR. CO., Limited, of London, v. MARYLAND GOLD MIN-
ING & DEVELOPMENT CO., Limited.

(Circuit Court of Appeals, Ninth Circuit.   June 18, 1906.)

No. 1,244.

**1. TRIAL—PLEADING—VERDICT.**

Where a policy declared that in the event of loss the insurer should only be liable for three-fourths of the actual cash value of the property insured at the time of the loss, and in an action on the policy the complaint alleged that after the loss it was adjusted and fixed at the sum of $10,335.75, a verdict assessing plaintiff's damages at $10,000, with interest, was erroneous, as not responsive to the issues.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 774–776.]

**2. WRIT OF ERROR—DISPOSITION OF CAUSE—MODIFICATION OF JUDGMENT.**

Where a judgment sought to be reviewed on writ of error had for its sole support a verdict which was not only beyond the issues, but in direct conflict with the complaint, the court could not remit the excess of the verdict, so as to reduce the judgment to the amount plaintiff was entitled to recover and affirm the same.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, §§ 4498–4505.]

In Error to the Circuit Court of the United States for the Central Division of the District of Idaho.

George G. Pickett and Goodfellow & Fells, for plaintiff in error. N. M. Ruick, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

ROSS, Circuit Judge.   The policy of insurance upon which this action is based and which is set out in the complaint of the defendant in error, who was the plaintiff in the court below, covered $4,000 on certain quartz mill buildings described in the policy, $3,000 on its boiler and engine, and $3,000 on the fixed and movable machinery contained in the buildings—$10,000 in all.   The policy contained, among others, this provision:

"It is understood that in the event of loss or damage under this policy this company shall not be liable for more than three-fourths the actual cash value of the property hereby insured, as of the time immediately preceding such loss, and in the event of other insurance permitted thereon then liable for its proportion only of three-fourths of such value."

The policy also provided that, in the event of loss or damage, the same should be ascertained or estimated by the insured and the insurance company, and in the event that they should differ then by appraisers to be appointed in a prescribed way, and further provided that, the amount of loss or damage having been thus determined, the sum for which the insurance company is liable pursuant to the policy shall be paid at a certain time after due notice, etc. The trial in the court below, which was with a jury, resulted in this verdict:

"We, the jury in the above-entitled cause, find for the plaintiff and assess the damages at the sum of $10,000, interest from the 1st of May, 1904, at 7 per cent. per annum."

Based upon such verdict the court entered judgment in favor of the plaintiff and against the defendant insurance company for $10,-617.20, with legal interest thereon from the date of the judgment, and costs of suit. The case is brought here by writ of error, the sufficiency of most of the assignments of error on which are questioned by the defendant in error. These we do not think it necessary to consider, for the reason that the unquestioned assignment that the verdict and judgment are contrary to law raises the point of the sufficiency of the complaint to sustain the judgment, even if any assignment in respect to that matter be necessary; but, as said by Chief Justice Marshall in Slacum v. Pomery, 6 Cranch, 221; 3 L. Ed. 204:

"It is not too late to allege as error in this court a fault in the declaration which ought to have prevented the rendition of a judgment of the court below."

The complaint itself, after pleading the policy and the destruction of the insured property by fire, alleges that:

"On and between the 26th day of August, A. D. 1903, and the 31st day of August, A. D. 1903, at the county of Blaine, state of Idaho, the plaintiff furnished the defendant with due and full proof of its said loss and interest, and otherwise performed all of the conditions of said policy of insurance on its part; and at said time and place, after a full and complete examination of all matters and things in, about, and concerning said property, and its destruction and value, it was stipulated and agreed in writing by and between the parties herein, to wit, Maryland Gold Mining & Development Company, Limited, and the Phœnix Assurance Company, Limited, of London, that the loss and damage to the property described in said policy No. 5,912,347 was $10,335.75, and the same was fixed, adjusted, and agreed to by said parties at said time and place in writing."

This stipulation so pleaded, and afterwards introduced in evidence according to the bill of exceptions, fixed the actual cash value of the property at the time of the loss, the aggregate insurance upon which was, according to the policy, $10,000 for three-fourths of which only was the insurer liable according to its express provision. The verdict and judgment were, therefore, in excess of what they could legally be under the averments of the complaint itself; for they not only went beyond the issues in the case, but are in direct conflict with the express averments of the complaint itself.

The suggestion on the part of the defendant in error that this court may remit the excess and affirm the judgment for three-fourths of the ascertained loss, cannot be sustained, for the reason that the judgment brought up for review has for its sole support the verdict of the jury, which verdict, as has been said, is not only beyond the issues, but is in direct conflict with the express averments of the plaintiff's complaint. It is apparent that the rule under which courts at times grant a new trial unless the plaintiff consents to a remission of a part of a verdict which is within the issues is not authority for

this court to change the verdict which is the sole basis of the judgment in question.

It results that the judgment must be, and is, reversed, and the cause remanded to the court below for a new trial.