WILLIAM and SAMUEL M'ALISTER v. JEFFERSON JERMAN.

1. INTEREST: USURY.—An agreement made after the maturity of a debt, to pay more than the legal rate of interest, in consideration of forbearance, is usurious.
2. SAME: HOW BALANCE OF DEBT ASCERTAINED WHERE USURY HAS BEEN CHARGED.—In ascertaining the balance due on a debt upon which usurious interest has been exacted, the proper mode is to charge the debtor with the principal of the debt, and credit him with all the payments, including the amounts paid as usury.
3. SAME: RIGHTS OF SUBSTITUTED DEBTOR AS TO USURY.—The purchaser of a tract of land upon which there is an incumbrance to secure a debt due by the vendor, is not bound by his agreement to satisfy the balance of the debt, to pay more than is legally due; and hence he may make the same defence as to usury that the vendor could have made.

IN error from the chancery side of the Circuit Court of Tippah county, Hon. P. T. Scruggs, judge.

M'Alister v. Jerman.

*J. F. Cushman*, for plaintiffs in error,

Insisted that the facts showed that this was not a case of usury. The agreement made, after the debt fell due, was to pay an additional sum for forbearance in foreclosing the deed of trust. Forbearance is a good consideration for a promise. *Etling* v. *Vanderlyn*, 4 Johns. R. 23; *Miles* v. *M'Lellan*, 2 Nott & M'Cord, 133; Hob. 216; Cro. Eliz. 387; Ld. Raym. 357; 1 Com. Dig. 298, note (a).

A contract which is usurious in its inception may, by a subsequent agreement, be freed from all taint of usury. Jerman, the purchaser of the land, is a mere purchaser of the equity of redemption, and it is settled that he cannot set up usury as a defence to a bill brought by the mortgagee to foreclose, and especially if the mortgagor has waived the defence. *De Wolf* v. *Johnson*, 10 Wheat. 367.

*O. Davis*, for defendant in error,

Contended that the authorities cited by Mr. Cushman, were not applicable to this case; and cited *Loyd* v. *Scott*, 4 Peters, R., as fully sustaining this decree.

FISHER, J., delivered the opinion of the court.

The complainant filed this bill on the chancery side of the Circuit Court of Tippah county, for the purpose of enjoining the defendants below from selling a certain tract of land which the complainant had purchased from one Johnson, and upon which Johnson had executed a deed of trust to secure the defendants in the payment of the sum of $101, being a loan of money to Johnson.

The facts are these: the debt being due, the parties entered into an agreement by which Johnson was to pay for forbearance, a rate of interest exceeding eight per cent. per annum. Such a contract has been decided by this court to be in violation of the statute on the subject. *Newman* v. *Williams*, 29 Miss. R. When Jerman purchased the land from Johnson, it was agreed that he should pay the balance due on this debt. This must of course be understood to mean merely the balance legally due; and Jerman, aside from

any agreement on the subject, could make any defence ·which Johnson could make against the sale of the land.

The court decreed that the debtors should collect only the balance of the principal due, and applied the sums paid by way of illegal interest, as credits on the note. This decree conforms to the principles settled in the case of *Newman* v. *Williams*, above cited.

Decree affirmed.