CHARLES CHAFFE ET AL. *v.* GEORGE WILSON ET AL.

USURY.   *Rights of substituted debtor.   Mortgagor's vendee.*

> A purchaser of an equity of redemption, with notice of payments of
> usurious interest, can, under Code 1871, § 2279, compel their appro-
> priation to the principal, and his agreement to suffer the exaction,
> it seems, does not affect this right.

APPEAL from the Chancery Court of Holmes County.

Hon. R. W. WILLIAMSON, Chancellor.

On Jan. 29, 1878, W. F. Stigler borrowed from George
Wilson nine hundred dollars at twenty per cent per annum
interest, and executed his note, including one year's interest,
for one thousand and eighty dollars, secured by a deed of
trust on land.   He paid one year's interest when due.   In
January, 1879, Thomas W. Smith, agreeing to pay Wilson,
took a trust deed on the land, to secure that and another debt
which Stigler owed him, but paid nothing except the usurious
interest for the second year.   Smith assigned his trust deed,
in December, 1880, to the appellants, to whom, in March,
1881, Stigler conveyed the land in extinguishment of the
debt, taking their obligation to reconvey upon his paying them
the money and ten per cent interest within a limited time.
The appellants then tendered Wilson what was due, on their
theory that they could claim the interest paid in excess of ten
per cent as a credit upon the debt, and filed this bill in
chancery to enjoin the enforcement of his trust deed.   Wilson
answered, and on final hearing the injunction was dissolved.

*Gwin & Noel*, for the appellants.

Payments of usurious interest must, at suit of the pur-
chaser, be credited on the debt.   The statute which governs
this case, Code 1871, § 2279, is like Hutch. Code, p. 641, § 2,
under which the case of *M'Alister* v. *Jerman*, 32 Miss. 142,
was decided.   Any person who is seised of the mortgagor's
estate and vested with his rights can interpose this defence.
*Brolasky* v. *Miller*, 9 N. J. Eq. 807 ; *Westerfield* v. *Bried*, 26
N. J. Eq. 357.   The right may be asserted by a voluntary
assignee, a judgment creditor, a second mortgagee, or a pur-

chaser of the equity of redemption. *Pearsall* v. *Kingsland*, 3 Edw. Ch. 195; Jones on Mortgages, §§ 644, 645. Otherwise the property would be inalienable in the mortgagor's hands, unless by selling it he affirmed the usurious contract. It is held that the defence of usury, while the debtor is willing to abide by his contract, is available in favor of no one. Jones on Mortgages, § 1493. But, in this case, Stigler has sold the land, and debarred himself, by his contract with the appellants, from the right to abide by the illegal interest. Even an usurious note is void in the hands of an innocent indorsee. 3 Kent Com. 100.

*H. S. Hooker*, for the appellees.

By Hutch. Code, p. 641, usurious interest was in violation of public policy and void, so that money paid therefor, as held in the case of *Bond* v. *Jones*, 8 S. & M. 368, could be recovered back, or, as held in the case of *M'Alister* v. *Jerman*, 32 Miss. 142, could be applied to the principal debt at suit of a substituted debtor; but by Code 1871, § 2279, usury is voidable at the election of the debtor only, and if he fails to use his personal privilege, neither he nor his vendee can recover interest which he has paid or have it credited on the principal. Under statutes like the latter, it is held in other States that the defence of usury is personal and cannot be set up by a second mortgagee or a purchaser of the equity of redemption. *Pritchett* v. *Mitchell*, 17 Kansas, 355; *Bonsley* v. *Homier*, 42 Wis. 631; *Cain* v. *Gimon*, 36 Ala. 168; *Loomis* v. *Eaton*, 32 Conn. 550; *Ransom* v. *Hays*, 39 Mo. 445; *Bullard* v. *Raynor*, 30 N. Y. 197; *Billington* v. *Wagoner*, 33 N. Y. 31; *Williams* v. *Tilt*, 36 N. Y. 319; *Austin* v. *Chittenden*, 33 Vt. 553; *Spengler* v. *Snapp*, 5 Leigh, 478; *Adams* v. *Robertson*, 37 Ill. 45; *Henderson* v. *Bellew*, 45 Ill. 322; *Stephens* v. *Muir*, 8 Ind. 352; *Conwell* v. *Pumphrey*, 9 Ind. 135; *Wright* v. *Bundy*, 11 Ind. 398; *Green* v. *Kemp*, 13 Mass. 515; *Bridge* v. *Hubbard*, 15 Mass. 96; *Farmers' & Mechanics' Bank* v. *Kimmel*, 1 Mich. 84; *Longworth* v. *Taylor*, 1 McLean, 514; Parsons on Contracts, 122; Story on Contracts, § 741. A new consideration passed in the mortgage from Stigler to Smith, who thereupon agreed to pay the usury. No privity exists between the appellants and Wilson as to the payments which

the latter received before they became parties to the transaction. Even a surety cannnot compel application to the debt of usurious interest paid by his principal. *Lamoille County Bank* v. *Bingham*, 50 Vt. 105. Strangers, like the appellants, cannot come in after the transaction and overturn the settlement. *Mordecai* v. *Stewart*, 37 Ga. 364; *Reid* v. *Duncan*, 1 La. Ann. 265; *Boughton* v. *Smith*, 26 Barb. 635; *Smith* v. *Coopers*, 9 Iowa, 376; *Bates* v. *Kemp*, 12 Iowa, 99; *Culver* v. *Wilbern*, 48 Iowa, 26; *Moseley* v. *Smith*, 21 Texas, 441; *Terrill* v. *Southall*, 3 Bibb (Ky.), 458; *Shelton* v. *Gill*, 11 Ohio, 417; *Graham* v. *Cooper*, 17 Ohio, 605.

COOPER, J., delivered the opinion of the court.

There is no substantial difference between the provisions of the Code of 1871, by which the case before us is to be governed, and those of the Act of June 25, 1822, which has been construed by our courts. Under the Code of 1871, the rate of interest which a creditor might lawfully take was greater, and usury forfeited only the excess over legal interest, and not the whole interest as under the Laws of 1822. In *Bond* v. *Jones*, 8 S. & M. 368, it was held that money paid upon an usurious contract could be recovered back by suit at law, and also in equity where there were circumstances to give the court jurisdiction. In that case, payments of usurious interest were applied to the principal of the debt. In *Newman* v. *Williams*, 29 Miss. 212, it was held that the maker of a note, not itself affected with usury, could defend against an assignee who procured it by an usurious contract from the payee; and in *Coulter* v. *Robertson*, 14 S. & M. 18, it was decided that where A was indebted to B, and by consent of all parties gave his note to C, to whom B was indebted on an usurious contract, in a suit by C on the note thus given, the defence of usury in the contract between B and C might be successfully interposed. In *M'Alister* v. *Jerman*, 32 Miss. 142, a subsequent purchaser of lands which had been mortgaged by the vendor to secure an usurious debt was permitted to interpose the defence against the enforcement of the debt, and to compel the creditor to appropriate payments, made by the debtor on account of usurious interest, to the principal of the debt.

We are unable to perceive why the appellants may not insist upon the appropriation of the payments made by Stigler to the principal of the debt, which is a lien upon their property. They are certainly not purchasers of the lands subject to the debt in any such sense as to preclude them from the defence, if indeed under our decisions even a purchaser who had expressly agreed to pay the usurious debt would be compelled so to do. It is true that Smith, under whose mortgage they claim, agreed to pay the debt due to Wilson and the illegal interest thereon, but this agreement was subsequently cancelled by the parties to it, and this was done long before the complainants became the holders of the Smith mortgage. But the complainants, by virtue of a perfectly legal contract, are the owners of the equity of redemption in the lands, and it is immaterial that they have agreed to reconvey the property to Stigler in the future. The amount received by Wilson from Stigler ought to be appropriated to the payment of the debt, so far as the same is a lien upon their lands. For the payment of the usury Wilson must look alone to Stigler, who may or may not pay the same, as he may be disposed. The law will lend no aid to the enforcement of the usurious contract, but will relieve against it whenever appealed to by parties whose rights are affected by it.

*Decree reversed.*