# WHEELING.

## LEE & BRO. v. FEAMSTER et al.

Submitted January 19, 1881—Decided December 2, 1882.

(*SNYDER, JUDGE, Absent.)

1. The plea of usury is a defense personal to the debtor, therefore in his lifetime his creditor can not plead it to defeat the claim of another creditor in whole or in part.   (p. 114.)

2. Where a creditor is secured by a second deed of trust on the same property, he has but the equity of redemption and cannot plead usury against a creditor secured under the first trust-deed.   (p. 114.)

Appeal from and *supersedeas* to a decree of the circuit court of the county of Greenbrier, rendered on the 2d day of June, 1880, in a cause in said court then pending, wherein L. H. Lee & Bro. were plaintiffs, and John A. Feamster and others were defendants, allowed upon the petition of D. J. Ford & Son and James Withrow.

Hon. Homer A. Holt, judge of the eighth judicial circuit, rendered the decree appealed from.

The facts of the case are fully stated in the opinion of the Court.

*Samuel Price and John W. Harris* for appellants cited the following authorities:   10 Wheat. 362; 4 Pet. 205; 5 Leigh 65, 478; 20 Iowa 678.; 47 Barb. 618; 32 Miss. 142; 15 Abb. Pr. N. S. 24; *Nat. B'k v. Com. Warehouse Co.* 49 N. Y. S. C.; 33 N. Y. 317; 14 Johns. 435; 35 N. H. 421; 3 Phil. (Pa.) 213; 14 Abb. Pr. 241; 9 W. Va. 296; 14 W. Va. 367; 2 Leigh 84.

*A. C. Snyder and Alexander F. Mathews* for appellees cited the following authorities:   4 Pet. 205; 32 Miss. 142; 35 N. H. 421; 14 Abb. Pr. 241; 9 W. Va. 296; *Woodyard v. Polsley,* 14 W. Va.; 14 W. Va. 386; 10 Wheat. 367; 5 Leigh 65, 478; 42 Wisc. 631; Tyler on Usury ch. 31 p. 417;

*Cause submitted before Judge S. took his seat on the bench.

46 Wisc. 792; 7 Conn. 409; 3 Ala. 458; 36 Ala. 168; 32 Conn. 550; 8 Ind. 352; 11 Ind. 398; 21 Ia. 36; 4 Dana. 177; 13 Mass. 515; 15 Mass. 96, 103; 1 Mich. 84; 14 N. J. Eq. 56; 37 N. Y. 218; 30 N. Y. 197; 33 N. Y. 31; 1 Barb. 271; Code p. 475, § 10; Sto. Eq. Pl. §§ 389, 398, 401; 3 Dan. Ch. Pl. & Pr. pp. 1742–3–4, 1747; 14 W. Va. 637; Code ch. 134, p. 637 § 5.

JOHNSON, PRESIDENT, announced the opinion of the Court:

This is a suit in equity brought in the circuit court of Greenbrier county in March, 1878, to subject the lands of the defendant, John A. Feamster, to the payment of the liens thereon. The plaintiff and a number of the defendants were judgment-creditors, while the debts of a number of the defendants were secured by deeds of trust, of which Feamster, as appears by the bill and exhibits, had executed two; one on the 27th day of September, 1877, to A. F. Mathews trustee, to secure Wm. R. Snyder the payment of a bond executed by said Feamster to Snyder for seventeen thousand six hundred and ninety-seven dollars and sixty-six cents, and to indemnify said Snyder as the endorser on Feamster's note payable at the bank of Lewisburg, for seven thousand seven hundred and ninety-two dollars and thirty cents. This deed was admitted to record on the day of its date. The other deed conveying the same property, was executed by said Feamster on the 27th day of November, 1877, to Preston and Spotts trustees, to secure James Withrow, as endorser on notes of said Feamster to a large amount; also to secure other debts therein named, and on the day of its date it was admitted to record.

The cause was referred to a commissioner, and the amount of the liens and their priorities fixed. After the lands had been sold under a decree of the court, and report of sale unexcepted to had been confirmed, the defendant James Withrow, who had not before answered, filed his answer and cross bill, the main object of which was to attack the debt from Feamster to W. R. Snyder as usurious, and to have it purged of its usury; and prays that the decree rendered in the cause at the May term 1878, may be reheard and reviewed, and the debt therein decreed to Snyder be purged of its usury, &c.

William R. Snyder, by counsel, appeared to this bill and insisted, that James Withrow, could not attack the debt from Feamster to Snyder, on the ground of usury; that the plea of usury was personal to the debtor, and could not be pleaded by a stranger; that the most he received by the deed of trust to secure him was the equity of redemption, and he could not therefore plead usury to the said debt.

D. J. Ford & Son, judgment creditors of said John A. Feamster, also filed their petition setting up, that there was usury in the said debt from Feamster to Snyder and praying, that it be purged of said usury. The court decided, that the said petitioners and the said plaintiff in the cross bill, could not plead usury to the said debt of Feamster to Snyder, and dismissed both the petition and cross bill. By a deposition it appeared, that John A. Feamster, had paid Snyder one hundred dollars, for which he had no credit; but as the record shows, on the 21st day of July, 1880, W. R. Snyder in the clerk's office of the circuit court of Greenbrier county, released the amount of the said one hundred dollars, and interest, from the amount that had been decreed to him against the said Feamster.

From the said decree dismissing the said bill and petition, the said Withrow and said Ford and Son appealed, and assigned for error, "that the court ought to have given a decree for the one hundred dollars, Snyder owed Feamster, and second, that the court ought to have purged the debt from Feamster to Snyder of its usury;" and charge, that the usury was clearly proven by the depositions taken in the cause. The release having been given of the one hundred dollars, before the appeal was allowed, takes that question from our consideration. It is argued, that it does not do so, as the release was not in favor of any one, but was general. It certainly had the effect of placing one hundred dollars just where it ought to go. Snyder had the first lien. On that lien one hundred dollars had been paid by Feamster the debtor, and ought to have been credited. By the release he does credit it; his debt, which must be paid out of the proceeds of the land is one hundred dollars less, and the next creditor has his increased by one hundred dollars. It is insisted, that this Court by the decisions of *Feamster* v. *Withrow*, 9 W.

Va. 296, and *Woodyard* v. *Polsley*, 14 W. Va. 211, have decided principles, which would prevent a subsequent lienor from attacking the first lien on the ground of usury. We think no such principle was decided in either case. There are many reasons, not personal to the debtor, for which creditors might contest the claims of each other. In *Woodyard* v. *Polsley, supra* we held, that after a man was dead, and his estate was being distributed among his creditors in a court of equity, a creditor might rely on the statute of limitations to defeat the claim of another creditor. But this was put upon the principle, that it was then impossible for the debtor to plead the statute of limitations; his voice was hushed; the law made it the duty of his personal representative to plead the statute of limitations, and if the personal representative did not do it, the creditors might do so as against each other.

With a living man it is altogether different. The law does not compel him to plead the statute of limitations; it is a personal privilege that he can avail himself of or not, as he pleases. It might be greatly to his injury in his future business transactions to plead it, and therefore he might not choose to do so, and it would be hard on him, while living with business hopes and prospects in view, to permit another to force him into such an unenviable position. The same might be said as to the plea of usury.

Let us see what the authorities have said about the character of the plea of usury; whether it is personal to the debtor, or whether another, who may be benefited by it, may plead it without the debtor's consent.

In *Lyon* v. *Welsh*, 20 Ia. 578, it was held, that in an action to foreclose a mortgage upon the homestead, executed by the husband and wife to secure a note executed by the husband alone, the wife may set up a plea of usury against the note. Judge Wright, who delivered the opinion of the court, says: "The question is, whether the wife, who joined in the mortgage, but did not sign the note, can be permitted to plead usury. The mortgage was in part upon the homestead of the defendants, and without determining whether it was also upon other lands, she could be heard to make this defense; we unite in the opinion that her interest in the

homestead clearly gives her the right." In *Cole* v. *Banse-mer*, 26 Ind. 94, it was held, that a junior incumbrancer where the debtor is insolvent, may set up the defense of usury to a prior incumbrance, without the consent of the debtor, for the purpose of protecting the fund, out of which the liens are to be satisfied. In his opinion Frazer J. admits the former decisions in Indiana were the other way; he says, "In this State at one time the older doctrine seemed to be settled as our law, and if it had not subsequently been thrown in doubt, we should now, probably, without re-examination, feel bound to adhere to it as a rule of property, upon the faith of which the public have based their business transaction." See also *McAlister* v. *Jerman*, 32 Miss. 142.

In *The Mutual Life Insurance Co. of N. Y.* v. *Bowen*, 47 Barb. 618, it was held, that "in a proceeding for the distribution of surplus money arising from the sale of mortgaged premises under a decree for the foreclosure of the first mortgage, the holders of a fourth mortgage may set up before the referee usury in a third mortgage." None but New York authorities are cited in the case.

In the case of *Merchants' Ex. N. Bank* v. *Com. Warehouse Co.*, 49 N. Y. 642, Folger, Judge, refers to a review of the New York authorities on this subject by Jones, J., whose conclusions are as follows: "First—All privies to the borrower, whether in blood, representative or estate, may both in law and equity by the appropriate legal and equitable remedies and defences attack or defend against a contract or security, given by the borrower which is tainted with usury, on the ground of such usury, where such contract or security affects the estate derived by them from the borrower. Second— That a grantee or assignee of a borrower, who does not take his grant or assignment subject to a lien on the property granted or assigned, created by the borrower, which is tainted with usury, is privy in estate with the borrower, as to the entire interests in the property, described in the assignment or grant, as deriving from such borrower such entire interests, and, as such privy may attack, or defend against such lien, under the first rule. Third—But if a grantee, or assignee takes his assignment or grant from the borrower, subject to a lien on the property tainted with usury, then as

to so much of the property which is necessary to satisfy such lien, he is not in privity in estate with the borrower, for so much of the property as is not assigned or granted to him, and therefore he does not as to such lien come within the first rule.   Fourth—A borrower may himself pay an usurious debt; and if he does neither himself nor any other person, can attack such payment on the ground of the usurious character.   He may also, therefore, appropriate property for its payment, and make such appropriation, by assigning the property in trust for the payment of the usurious debt; and if he does, neither the assignee nor any other person can (unless he attack the assignment for fraud) claim that property so appropriated shall not be applied to the payment of the usurious debt.   The bare fact that such an assignment prescribes for the payment of an usurious debt will not of itself alone, render the assignment usurious and void.   Fifth —That one who does not claim through and under the borrower, does not stand in privity with the borrower, and does not come within the first rule."

In *Ladd* v. *Wiggin*, 35 N. H. 421, it was held, that "the defense of usury is personal; and as against a subsequent purchaser, only the amount of the illegal interest is to be deducted from the amount due upon a mortgage."

In *Crenshaw Adm'r* v. *Clark et al.*, 5 Leigh 68, Carr, J., said: "If the injured party chooses to waive the matter (the usury) what right has a subsequent voluntary purchaser with full notice of the lien to take advantage of it."   Judge Tucker, page 70, said: "If the party who is the victim of the fraud or usury, waives his remedy and relieves his adversary, it does not belong to a subsequent purchaser under him to recall and resume the remedy for him."   In this case, the junior purchaser was not the purchaser of the equity of redemption, but of the mortgaged premises generally.

In *Spengler* v. *Snapp*, 5 Leigh 478, the court citing and approving *De Wolf* v. *Johnson*, 10 Wheat. 367, *held*, that "the plea of usury is a defense personal to the debtor, and so the purchaser of land subject to a previous lien, cannot object that the lien is usurious, but is bound to discharge the lien as a part of the price of the land."

The great weight of authority conclusively shows, that the

policy of the Legislature in adopting statutes of usury was the protection of borrowers, against the oppressive exactions of lenders; and it does not tend to the promotion of that policy, that other persons than the victims of the usury, or persons standing in legal privity with them, should have the benefit of such statutes; and therefore it has been the general current of decisions, that the plea of usury is a defense personal to the borrower, and a stranger cannot avail himself of it. *Beenley* v. *Homier*, 42 Wis. 631; *Ready* v. *Huebner*, 46 Wis. 692; *Dolman* v. *Cook*, 14 N. J. Eq. 56; *Ohio and Mississippi R. R. Co.* v. *Kasson*, 37 N. Y. 218; *Bullard* v. *Raynor*, 30 N. Y. 197; *The Mechanics Bank* v. *Edwards*, 1 Barb. 271; *Farmers and Mechanics Bank* v. *Kimmel*, 1 Mich. 84; *Campbell* v. *Johnson et al.*, 4 Dana 178; *Green* v. *Kemp*, 13 Mass. 515; *Huston* v. *Stringham*, 21 Ia. 36; *Wright* v. *Bundy*, 11 Ind. 398; *Stevens* v. *Muir*, 8 Ind. 352; *Reading* v. *Weston*, 7 Conn. 409; *Fenno* v. *Sayre*, 3 Ala. N. S. 458; *Loomis* v. *Eaton*, 32 Conn. 550.

From these authorities it is clear, that the plea of usury is a defense personal to the debtor, and therefore in his lifetime, his creditor cannot plead it, to defeat the claim of another creditor, either in whole or in part. And where a creditor is secured by a second deed of trust on the same property, he has but the equity of redemption, and cannot plead usury against a creditor secured under the first trust deed. See *Tate* v. *Liggatt & Mathews*, 2 Leigh 84.

As the foregoing authorities afford ample reason for dismissing the cross bill of Withrow, and the petition of Ford & Son, we have thought it unnecessary to inquire whether if the defense was proper for them to make, it was made in time. For the foregoing reasons, the decree of the circuit court of Greenbrier county, dismissing said cross-bill and petition, is affirmed with costs and thirty dollars damages.

THE OTHER JUDGES CONCURRED.

DECREE AFFIRMED.