RICHARD BOYD *v.* EMMA C. WARMACK.

USURY. *In deed of trust. Rights of beneficiary in junior trust-deed.*

> The beneficiary in a deed of trust on land, even after a sale thereunder, he being the purchaser, has the right to show usury in the debt secured by a prior deed of trust upon the same land, and to have the security therefor limited to the satisfaction of the legal amount thereof; and this right exists, notwithstanding a sale under the senior trust-deed and a purchase by the *cestui que trust* therein, if the usury in the debt was not then known to the beneficiary in the junior trust-deed.

APPEAL from the Chancery Court of Yazoo County.

HON. E. G. PEYTON, Chancellor.

On the 22d of February, 1878, J. R. Tucker executed a deed of trust upon certain lands to W. S. Epperson, as trustee, to secure the payment of a promissory note of that date, given by Tucker to

Richard Boyd, for the sum of eight thousand eight hundred and thirty-eight dollars, and to become due on the 22d of February, 1879.   On the 30th of May, 1881, Tucker executed another deed of trust upon the same lands to John Warmack, as trustee, to secure the payment of a debt of four thousand and thirty-two dollars and ninety-one cents, which the grantor owed Emma C. Warmack, and which became due on the 1st of January, 1882. There was a breach of the condition of both deeds of trust.   On the 28th of February, 1883, the lands were sold under the first deed of trust, and were bought by Boyd for ten thousand and fifty dollars.   On the 12th of March, 1883, the lands were again sold under the second deed of trust, and Emma C. Warmack became the purchaser thereof upon a bid of two hundred dollars.

On the 28th of January, 1885, Emma C. Warmack filed the bill in this case against Boyd, Tucker, and Epperson, alleging, in addition to the facts above stated, that a large part of the debt secured by the deed of trust in favor of Boyd, and to satisfy which the lands were sold to Boyd, consisted of usurious interest; that complainant did not know the nature of such indebtedness at the time of the sale under Boyd's trust-deed; that if she had then known the true amount due Boyd she would have paid it off, and she is now willing to pay the same if substituted to his rights and security; that Tucker is insolvent and has no property liable to execution; that the lands referred to are worth enough to satisfy the legal amount of Tucker's debt to Boyd and also pay complainant, and unless she can subject them to her claim she will lose the greater part of her debt.   The prayer of the bill is, in the alternative, either that the sale under Boyd's deed of trust be set aside; that the lands be re-sold and the proceeds of the sale be applied (1) to the payment of the amount legally due Boyd by Tucker, (2) to the satisfaction of complainant's claim against Tucker, and (3) if there be any residue then that it be paid to Tucker; or that the amounts due Boyd and complainant respectively be ascertained and a decree rendered requiring Boyd to pay her the amount he may have received from Tucker in excess of his legal demand, and that such amount be made a lien on the lands purchased by Boyd.

Boyd demurred to the bill of complaint on the ground, substantially, that the complainant is entitled to no relief based upon usury in the contract between Tucker and the demurrant. The demurrer was overruled and Boyd appealed.

*W. S. Epperson*, for the appellant.

The demurrer in this case raises this one point for consideration: Can a creditor in a second deed-in-trust plead usury in a contract between the maker and the creditor in the first deed-in-trust, and this especially after both trusts have been foreclosed by a sale *in pais* ?

None but parties and privies to a contract can, under § 2279, Code 1871, or without it, avail themselves of a plea of usury in the contract. 3 Parsons on Con. 121, 122. The appellee, Warmack, was neither a party nor a privy to the contract between Boyd and Tucker. *McLaughlin* v. *Green*, 48 Miss. 207. Under a certain state of case persons not parties to the original contract have been admitted by this court to plead usury in such contract, but this privilege has been allowed to such persons as purchased the fee or equity of redemption in the mortgaged property, and by such purchase took the place of the maker of the contract and trust-deed. Such, for instance, is the case of *McAlister* v. *Jerman*, 32 Miss. 142.

*D. R. Barnett*, on the same side.

In *McAlister* v. *Jerman*, 32 Miss. 142, and *Chaffe* v. *Wilson*, 59 Miss. 42, the doctrine is established that the owner of an equity of redemption can avail himself of the defense of usury as against a prior mortgagee, because, as vendee, he "succeeds to all the relations of his vendor in respect to the property." *Ready* v. *Huebner*, 46 Wis. 692.

But a junior incumbrancer occupies no such position. He is not the owner of the property ; he has not succeeded to all the rights of the mortgagor in the property. As to the incumbrances, the land is merely a security for a debt. *Strickland* v. *Kirk*, 51 Miss. 799; *Buck* v. *Payne*, 52 Miss. 271; *Clark* v. *Wilson*, 53 Miss. 129; *Freeman* v. *Cunningham*, 57 Miss. 69. The mortgagor is still the owner of the property.

*Bowman & Bowman,* for the appellee.

The Code of 1871, § 2279, provides that if a greater rate of interest than ten per cent. shall be stipulated for, such excess shall be forfeited on the plea of the party to be charged therewith.

Mrs. Warmack, the appellee, is the party sought to be charged or made to suffer for this illegal and usurious transaction of Boyd and Tucker.

In *Chaffe* v. *Wilson,* 59 Miss. 44, this court has given construction to the usury act of 1871, and that case as to the facts is closely analogous to the one at bar. In the case just cited this court says that there is no substantial difference between the Code of 1871 and the act of June, 1822. It has been construed by our courts in *McAlister* v. *Jerman,* 32 Miss. 142 ; *Newman* v. *Williams,* 29 Miss. 212 ; *Coulter* v. *Robinson,* 14 S. & M. 18 ; *Bond* v. *Jones,* 8 S. & M. 368.

If a mortgagee buys the property directly or through another at the foreclosure sale, the title may still be impeached for usury in the mortgage or note. Being a party to the usurious contract, his situation is no better after foreclosure than before. 1 Jones on Mortgages, § 646 ; *Bresell* v. *Kellogg,* 60 Barb. N. Y. 617 ; *Jackson ex dem.* v. *Dominick,* 14 Johns. Rep. 435.

CAMPBELL, C. J., delivered the opinion of the court.

We regard the question presented by this case as settled adversely to the appellant by former adjudications of this court. *McAlister* v. *Jerman,* 32 Miss. 142 ; *Chaffe* v. *Wilson,* 59 Miss. 42.

There is no just distinction between a purchaser of the equity of redemption by an absolute conveyance and one who has a mortgage or deed of trust on it.

*Decree affirmed.*