# CHARLESTON.

SNYDER *v.* THE MIDDLE STATES LOAN, BUILDING AND CONSTRUCTION COMPANY, *et al.*

Submitted September 9, 1902. Decided December 20, 1902.

1. FINAL DECREE—*Fraud.*

   A final decree upon the merits, after answer filed, cannot be re-heard, reviewed or otherwise disturbed in the court below, after the end of the term at which it was pronounced, except for such matter as constitutes ground for a bill of review for error apparent in the decree, bill of review for newly discovered evidence, or an original bill to impeach it for sufficient cause, such as fraud in its procurement.   (p. 657).

2. DEBT—*Final Decree—Res Judicata.*

   A person owing an usurious debt, who is a party to a suit in equity and fails to claim, by any form of pleading, the benefit of the statute against usury, before a final decree has been entered as to the amount of the debt, is thereafter barred by the principle of *res judicata* from setting up the defense of usury.   (p. 659).

3. TRUST DEED—*Creditors.*

   A deed of trust conveying all the property of a debtor to a trustee for the benefit of his creditors works an appropriation of the property so conveyed for that purpose; and, as the defense of usury is personal to the debtor while he lives, the trustee in such deed of trust cannot interpose it.   (p. 661).

Appeal and *supersedeas* from the Circuit Court, Tucker County.

Action by E. E. Snyder against Middle States Loan, Building and Construction Co. Judgment for plaintiff, and defendants appeal.

*Reversed.*

CUNNINGHAM & STALLING, for appellants.

C. O. STRIEBY, for appellee.

POFFENBARGER, JUDGE:

As trustee in a deed of trust, executed by E. E. Snyder, conveying all his property, real and personal, for the benefit of his creditors, A. R. Stallings, in April, 1898, brought a suit in equity in the circuit court of Tucker County to obtain an adjudication of all matters in difference between Snyder and his creditors and among the creditors themselves, and especially to enjoin a sale of Snyder's real estate under a deed of trust executed by him to secure a loan made to him by the Middle States Loan, Building and Construction Company, a Maryland corporation. The injunction having been awarded and process served upon the defendants, the bill was taken for confessed as to a part of them, Snyder and some others filed answers and the Building Association and others demurred. On the 28th day of November, 1898, the demurrers were overruled and time given for answers, a motion to dissolve the injunction was continued and an order of reference to a commissioner entered. The commissioner having ascertained and reported the amount due the Building Association at the sum of seven hundred and ninety-nine dollars and thirty-seven cents, as well as numerous debts due other parties, the report was, on the 16th day of March, 1899, confirmed, a decree entered for the payment of the debts therein set forth, and the real estate ordered to be rented.

At September rules, 1900, a bill of review was filed in the cause by Snyder and Stallings, trustee, setting forth the former proceedings, alleging that the finding in favor of the Building Association was erroneous because it included usurious interest in the form of illegal dues and premiums allowed by the commissioner, and that an exception to the report on that ground

had been filed by Snyder and overruled by the court, and pray-
ing that, for this error, the decree might be reversed and set
aside and the cause again referred to a commissioner with direc-
tions to re-state the account, disallowing the illegal charges of
the Building Association and giving Snyder credit on the debt
for all amounts paid thereon by him. To this the Building As-
sociation demurred, and its demurrer being overruled, it filed an
answer. The court referred the cause to a commissioner who re-
stated the account and found a balance of twenty dollars and
ninety-five cents due the Building Association. and, by a decree
entered June 20, 1901, the exceptions to this report were over-
ruled and it was confirmed, and from the decree, the Building
Association has appealed.

The brief of counsel for appellees argues that, if the bill is
insufficient as a bill of review for error apparent in the decree,
it must be entertained and held good as a supplemental bill or
a petition for rehearing. A sufficient answer to this contention
is, that it was filed long after the expiration of the term of court
at which the decree sought to be reviewed and reopened was
entered. That decree being a final adjudication of the amount
due from Snyder to the Building Association, and the term hav-
ing ended, it could be reheard in the court below only upon a
bill of review. *Carper* v. *Hawkins,* 8 W. Va. 291; *Hodges* v.
*Davis,* 4 Hen. & Munf. 400; *Laidley* v. *Merrifield,* 7 Leigh 353;
*Childers* v. *Loudin,* 51 W. Va. 559 (42 S. E. 637). If the de-
cree were interlocutory, the bill might be treated as a petition
or supplemental bill in the nature of a bill of review, it seems,
but there is no occasion to so hold here. *Laidley* v. *Merrifield,*
cited.

For the review of a final decree upon the hearing, after the
end of the term, the methods are appeal, bill of review for error
apparent, bill of review for newly discovered matter, original
bill to set it aside for fraud in its procurement or other super-
venient cause, or, if it be utterly void for want of jurisdiction,
motion to vacate it, some of the authorities say, but in this last
case, it is said in *Conrad* v. *County,* 10 W. Va. 784, that appeal
is the better remedy. When the decree is not void, nor such as
may be corrected in the lower court by bill of review or original
bill, appeal is the only remedy. Subject to the right of review
upon appeal in such case everything decided expressly or by nec-

essary implication is *res judicata* and cannot be disturbed or altered by a subsequent decree. *Bodkin* v. *Rollyson,* 48 W. Va. 453; *Camden* v. *Werninger,* 7 W. Va. 528; *Campbell* v. *Campbell,* 22 Grat. 649; *Bank* v. *Craig,* 6 Leigh 399.

To the maintenance of a bill of review for newly discovered evidence, it must appear, not only that the new evidence is material and such as would probably effect a result different from that embodied in the decree, but that it has been discovered since the entering of the decree. Bart. Ch. Pr. 337; *Wethered* v. *Elliott,* 45 W. Va. 436. Such bill must allege and prove the discovery of new matter which could not have been used at the time of making the decree. *Dingus* v. *Marcum,* 41 W. Va. 757; *Sewing Machine Co.* v. *Dunbar,* 32 W. Va. 335. As this bill sets up nothing which did not appear in the record at the time the decree complained of was entered, it cannot be treated as a bill for newly discovered matter, and no claim is made by counsel that it is such a bill.

Is it available as a bill of review for error apparent? That the contract between the Building Association and Snyder is illegal, under the ruling of this Court in *Gray* v. *Building Association,* 48 W. Va. 164, *Bank* v. *Handley,* 48 W. Va. 690, and *Floyd* v. *Investment Co.,* 49 W. Va. 327, in respect to the premium charged against borrowers, there can be no doubt. If, before the decree was entered, illegality of this contract was pleaded by one who was entitled to interpose the defense of usury, there was error. Otherwise there was not. In this State, the defense of usury must always be pleaded, else it is waived. *Lee* v. *Feamster,* 21 W. Va. 108; *Barbour* v. *Tompkins,* 31 W. Va. 410; *Crenshaw* v. *Clark,* 5 Leigh. 68; *Spengler* v. *Snapp,* 5 Leigh. 478. While it is not permissible, on a bill of review for error apparent in the decree, to look into the evidence and pass upon controverted matters of fact, *Lorentz* v. *Lorentz,* 32 W. Va. 556, *Dunn* v. *Renick,* 40 W. Va. 349, the pleadings, exhibits filed with them, orders and decrees, and facts admitted in the pleadings or stated in the decree, may be considered. *Dunn* v. *Renick,* cited; *Core* v. *Strickler,* 24 W. Va. 689, 697. As the Building Association exhibited with its answer the bond of Snyder, its by-laws and a statement of its account against Snyder, the facts showing illegality were admitted and, of

course, open for consideration, if the benefit of the illegality had been claimed in the pleadings.

As stated, the overruling of the exception of Snyder to the report of the commissioner, is relied upon as an error apparent upon the record. That exception reads as follows: "Because the commissioner allows the Building, Loan & Construction Company by including fees, premiums, interest and fines, after the assignment of said Snyder to trustee, Stallings, when in fact he should have reported the amount due said Building & Loan Company, at the time of the assignment, with interest at 6 per cent from that date, said deed of assignment having been made for the benefit of all the creditors of said Snyder, the said Building & Loan Company should not have more rights by collecting premiums and fines than the other creditors of the said Snyder." Inspection of this exception shows not only that illegality of the contract was not relied upon or claimed, but that, on the contrary, the defendant, Snyder, admitted the validity of the contract and objected only to the charge of dues, premiums, interest and fines after the date of the assignment made by him. It is so manifestly insufficient as a plea of usury that it is not insisted upon in the brief, and merits no further discussion here. In his answer, Snyder failed to set up the defense of usury, admitted that, at the time of the assignment, his indebtedness to the Building Association was six hundred and ninety-six dollars and eighty-six cents, and resisted nothing except a charge of twelve dollars and fourteen cents, claimed as expenses paid for advertising the sale of his property under the deed of trust on a former occasion.

If the plea of usury by the trustee would have been available, matter is alleged by Stallings, trustee, in the original bill, which might be sufficient. In some jurisdictions it has been held that the right to recover back money paid as usury is a vested right and passes to an assignee for the benefit of creditors. 27 Am. & Eng. Enc. Law, 692; *Corcoran* v. *Powers,* 6 O. St. 19; *Beach* v. *Bank,* 3 Wend 573; *Gray* v. *Bennett,* 3 Metc. 522; *Tamplin* v. *Wentworth,* 99 Mass. 63; *Woollfolk* v. *Plant,* 46 Ga. 422. But the contrary is held in *Low* v. *Mussey,* 36 Vt. 183. Of the many cases decided by this Court, touching the subject of usury it is believed that none directly involve this question. One of the leading cases is *Lee* v. *Feamster,* cited, establishing the rule

that the defense of usury is personal to the debtor and that during his lifetime his creditor cannot plead it to defeat the claim of another creditor. In the course of the opinion, JUDGE JOHNSON reviews a large number of cases decided by the courts in many states,. showing instances of exceptions to the rule. It is very generally held that where a mortgagor conveys the mortgaged premises, charged with an usurious debt, the grantee may plead usury against it. *Cole* v. *Bansemer,* 26 Ind. 94; *McAllister* v. *Jerman,* 32 Miss. 142; *Insurance Co.* v. *Bowen,* 47 Barb. 618; *Bank* v. *Warehouse Co.,* 49 N. Y. 642; *Shufelt* v. *Shufelt,* 9 Paige 137; *Gunnison* v. *Gregg,* 20 N. H. 100. It is believed to be uniformly held, however, that where the grantee takes his assignment or conveyance from the borrower, subject to the usurious lien thereon, he cannot avail himself of the defense of usury. If he simply buys the equity of redemption, he may, for, in such case, he takes the whole interest which the grantor had in the property, and that carries the right to have the usury expunged from the debt. But, if he purchases the property and, as a part of the consideration therefor, assumes the payment of the usurious debt, he is precluded from the defense. *Smith* v. *McMillan,* 46 W. Va. 577; *Shufelt* v. *Shufelt,* 9 Paige 137; *Post* v. *Dart,* 8 Paige 639; *Sands* v. *Church,* 6 N. Y. 347; *Morris* v. *Floyd,* 5 Barb. 130. Akin to the proposition that the purchaser of an equity of redemption may claim the benefit of the usury statute, is the proposition that an execution creditor, in subjecting property charged with an usurious debt, may resist the usury in the prior debt. *Dix.* v. *Van Wyck,* 2 Hill 522; *Jackson* v. *Tuttle,* 9 Cowen 233. *Bank* v. *Warehouse Co.,* 49 N. Y. 642, quoted in *Lee* v. *Feamster,* decided that a borrower may appropriate property for the benefit of an usurious debt, and make such appropriation, by assigning property in trust for the payment of such debt; and that if he does, neither the assignee nor any other person can claim that property so appropriated shall not be applied to its payment. The same doctrine is announced as a general proposition in Tyler on Usury, at page 403, in the following language: "He may also set apart and dedicate a certain fund or certain specified property to the payment of the usurious security, and his agent, who has received the funds with which to pay it, cannot withhold it on the ground of usury. It is in all these cases the party who owes the debt,

and who devotes his property to pay it, that can alone set up the defense of usury. If for any reason—his desire to avoid litigation, his pride of character, or his conscientious sense of justice—he may be induced to waive his legal rights and to satisfy a demand, he is at liberty to do so, although it may be obnoxious to the defense of usury." As it appears to be very well settled that where the debtor sets apart and appropriates property for the payment of an usurious debt, it must be so applied, the trustee in a deed of trust made for the benefit of creditors, although in some sense he represents the debtor, cannot plead the usury. Such conveyance to a trustee differs from a mortgage and the ordinary deed of trust executed to secure a debt and is held to be an appropriation of property for the payment of the debts. *Sandusky* v. *Farris,* 49 W. Va. 150; *Woodruff* v. *Robb,* 19 O. 216; *Bregg* v. *Davis,* 21 N. Y. 574; *Hoffman* v. *Mackall,* 5 O. St. 124; Burrill on Assign. 12; Beach on Trusts and Trustees, sec. 596; Pom. Eq. Jur., sec. 995. On this ground as well as the exclusiveness of the plea of usury as a personal privilege of the debtor, it must be held that the trustee in such deed of trust cannot interpose that plea. In *Lee* v. *Feamster,* the fact that the debtor was living and capable of pleading himself is emphasized. In this, the court placed itself in line with the general trend of authorities. In *Billington* v. *Waggoner,* 33 N. Y. 31, Davies, Judge, in delivering the opinion, said: "But this defense or objection to the contract, that it is void on account of usury, can only be alleged or set up by the party bound by the original contract to pay the sum borrowed, or his sureties, heirs, devisees, or personal representatives."

While it is not claimed in the brief, on the principle of relief in equity against judgments at law on the ground of usury, that the debtor may, notwithstanding the finality of the decree and expiration of the term, still set up the defense of usury, as an exception to the general rule, it may be thought that such right exists. On the subject of such relief, there is an apparent conflict in the Virginia cases. See *Rankin* v. *Rankin,* 1 Grat. 153; *Brown* v. *Toell,* 5 Rand. 543. *Hope* v. *Smith,* 10 Grat. 221, later than any of the other cases cited, holds that "Usury in the bonds upon which the judgments were recovered, cannot be set up to the judgments." But the question is not important here and need not be decided. Snyder, the

debtor, has had his day in a court of equity and failed to set up his defense before a decree was entered against him, and the principle of *res judicata* now bars his defense.

For the reasons given, the decrees of March 7, 1901, and June 20, 1901, made upon the bill of review, must be reversed, the demurrer to said bill of review sustained and the bill of review dismissed.

*Reversed and Dismissed.*