SPINKS v. JORDAN et al.

[66 South. 405.]

1. USURY. *Right of third persons. Judgment creditors. Creditors' suit. Conditions precedent. Tender.*

Judgment creditors of insolvent debtors have the right to show usury in an indebtedness, secured by a deed of trust which is a first lien on the debtors' property, and to have such indebtedness reduced by the deduction therefrom of the interest illegally charged.

2. CREDITORS' SUIT. *Condition precedents. Tender.*

Where judgment creditors filed a bill, alleging that the holders of a trust deed, which was a first lien on the debtors property, and which the holders were seeking to foreclose, had included in the amount of the debts secured usurious interest and overcharges, and had failed to allow proper credits, and prayed to have the correct amount of the debt ascertained, so that the proceeds from the sale under the deed of trust, in excess of such amount may be applied to other debts, it was not necessary to tender or offer to pay into court the amount of the indebtedness secured by the deed of trust which might be found due.

APPEAL from the chancery court of Leak county.
HON. J. F. McCOOL, Chancellor.

Suit by W. M. Jordan and others against J. P. Spinks, and others. From a decree overruling a demurrer to the bill, the defendant, J. P. Spinks, appeals.

The facts are fully stated in the opinion of the court.

*J. L. McMillan,* for appellant.

But for the fact that counsel for appellee is so seriously in error as to the true doctrine announced in the case of *Aust* v. *Rosenbaum,* 74 Miss. 893, we should not attempt to respond to his brief; but finding one of so vast learning as he, so thoroughly confused as to what was really held in that case, I take it that there will be nothing amiss in again calling the attention of the court

to the fact that even in the Aust case, the case on which appellees are relyng, the complainants offered in their bill to do equity, by paying what was found to be due on an accounting; and, in addition to this, tendered property of his own, and not that of some other person, worth greatly more than enough to meet and pay off any amount that might be found due, to be sold to raise the necessary funds with which to pay off the said indebtedness. See from the top of page 897 of that case, concluding with line eight. And by beginning with line six from the bottom of the same page, the fact can't be overlooked, that in that case the same charges were made in the bill that are in this; that is, usurious interest, extortionate charges for goods, false charges for goods never purchased, and failure to give proper credits for payments made; and the only thing that saved the bill on demurrer in that case, was the fact that complainants offered, in their bill, to pay the amount found to be due on an accounting and, instead of making an actual tender in cash, tendered property of their own (not that of some other person) worth greatly more than enough to meet and pay off any amount that might be found due. It is also expressly held in that case that the general rule requires, in addition to an offer in the bill to pay the amount found to be due, that an actual tender of the amount admitted to be due, be made in cash. Appellees, in the present case, do not so much as make an offer to pay the amount found to be due, much less an actual tender of money or property to back up such offer; but they attempt to stand behind the absurd plea that they have offered in their bill to let the property of A. H. Tate, one of the defendants be sold to pay this debt. They have successfully evaded personal liabilities at every point in their bill, and seek to litigate with appellant at his sole peril.

We submit that in all cases of this character, it is the imperative duty of the complainant to offer in his bill to pay the amount found to be due, and unless it be in a

case to redeem and where property of his own, of sufficient value to pay the debt, is tendered, he should make an actual tender of the amount due in cash, when known, and where the exact amount is not known, even though it may be concealed from him by the defendant, he should make an actual tender of some safe sum sufficient to cover any amount that might honestly be believed to be due. *Crittendon* v. *Reagan,* 89 Miss. 185; *Purvis* v. *Woodward,* 78 Miss. 929.

It is charged that we are mistaken in saying that the expression used in the Aust case, 74 Miss. 893, wherein it is stated that "the allegation of tender or offer to pay is unnecessary" is a quotation by WOODS, C. J., from the case *Cassely* v. *Weathersby et al.,* 119 N. Y. 522, and that after quoting from that case he immediately says that the current of authority is against that view. Now let's see if we are. Beginning with the seventh line from the bottom of page 898 of that case, we find him using this language: "In the recent case of *Cassely* v. *Weathersby et al.,* 119 N. Y. 522, this view is broadly stated. "Immediately following this he begins to quote from the New York case and continues to quote therefrom up to and including the first word of line twenty-two from the bottom of page 899. It is in this quotation alone that the expression is found. Having thus quoted from the New York case, he proceeds immediately to say: "It must be admitted, however, that the current of authority is against this view."

As to the right of appellees to plead usury, we confidently rest on the authorities cited in our original brief.

*O. A. Luckett,* for appellee.

Our courts have held that it is contrary to public policy for a person to charge usury in any transaction and that being true it may be raised at any time and by whomsoever is affected by it. *B. & D. Association* v. *Grant,* 82 Miss. 424. This usury may be recovered back by the

debtor whether the contract is executed or executory. Mississippi Code of 1906, section 2678. The weight of authority sustains our contention that other creditors may set up usury in the note and deed of trust held by Spinks. *Brook* v. *Todd,* 79 Ga. 692; *Ope* v. *Solomons,* 36 Ga. 541; *Coleman* v. *Cole,* 158 Mo. 260; *Marx* v. *Hart,* —— Mo. 503; *See* v. *Sale,* 169 Mo. 38; 55 Mo. 656; 63 Mo. App. 656; *Carew* v. *Kelley,* 59 Barb. (N. Y.), 239; *Dix* v. *Van Wyck,* 2 Hill (N. Y.) 522; *Chapius* v. *Mathet,* 91 Hun. (N. Y.) 565. Also, see 27 N. Y. 568; 40 N. Y. 488; *Hamilton Brown Shoe Co.* v. *Mayo* (Texas), App. Div. 164; *Martin Brown Co.* v. *Perill,* 77 Texas 1991.

In the case of *Stain* v. *Swenson,* 44 Minn. 218, it was held, under the Minnesota statute that usurious contracts were void and that a sheriff holding mortgaged property under a writ of attachment was entitled to defend against the mortgage on the ground of usury in a court of law. See, also, *In re Miller,* 118 Fed. Rep. 360. The Miller case above, held that under the Georgia statute which is similar to ours in some respects, a mortgage creditor has no right to collect usury from an insolvent debtor to the prejudice of his other creditors.

A few of the states held that subsequent incumbrances including mortgages, deeds of trust and judgments cannot set usury up to defeat or reduce the amount of the usurious contract, but a majority of the Courts have held to the contrary and our court has gone with them them in the holding, that a subsequent beneficiary in a deed of trust may do it, in the case cited heretofore and that courts of England, *Mansfield* v. *Ogal,* 3 Eq. R. 907, and those of Indiana, 26 Ind. 94, and Kentucky, *Banta* v. *Louisville Savings Co.,* 59 S. W. 501, and 22 Ky. L. Rep. 1045, and the courts of New Jersey, *Trusdell* v. *Dowden,* 47 N. J. Eq. 396, and the courts of New York, *Chamberlain* v. *Dempsey,* N. Y. Supreme Ct. Gen. Term, 14 Abb. Pr. (N. Y.) 241; *Mutual L. Ins. Co.* v. *Bowen* Barb. (N. Y.), 618; *Maloney* v. *Eahart,* 81 Texas, 281; *Johnson* v.

*Lasker Real-Estate Assn.,* 2 Texas Civ. App. 494, all hold that judgment lienors are entitled to plead usury in contracts and securities upon which they hold judgments. This state has lined up with them for the same reason, as to judgments.

Reed, J., delivered the opinion of the court.

Appellees, judgment creditors of A. H. Tate, Sr., and A. H. Tate, Jr., filed their bill in chancery to enjoin the foreclosure of deeds of trust given by Tates, senior and junior, in favor of appellant, J. P. Spinks, to secure to him certain indebtedness owing for merchandise and supplies furnished; the amount of such indebtedness being evidenced by promissory notes and open accounts. Appellees prayed in their bill for an accounting to show the correct balance due appellant, for the appointment of a receiver to take charge of the property, and for the sale of the property so that the true amount due under the deeds of trust could be paid, with the application of the balance as payment on the judgments. It is charged in the bill that there is usurious interest on the notes. It is also alleged therein that appellant charged exorbitant prices for supplies furnished A. H. Tate, Sr., and A. H. Tate, Jr., and that there are large amounts which he has failed to credit on the notes.

Appellees aver that they are unable to state the amount of the credits which should have been given, for the reason that they have no means of ascertaining the sum, and that such information can only be obtained from inspection of appellant's books. They allege that if the notes were purged of all usurious interest, and the proper reduction made because of overcharges for supplies, and true application made of all credits, that only a small amount would be owing appellant on the indebtedness—not near so much as he was claiming to be due when he directed the foreclosure of the deeds of trust. They further charged that both A. H. Tate, Sr., and A. H. Tate, Jr., were insolvent.

To this bill a demurrer was filed by appellant and W. A. Ellis, trustee in the deeds of trust. From the decree by the chancellor overruling the demurrer, this appeal was granted to settle the legal principles of the case.

The following were assigned as grounds in the demurrer and are urged at this hearing, by appellant: (1) The plea of usury is a personal privilege, and could not be availed of by the judgment creditors; (2) appellees, admitting an amount to be due appellant, failed to tender such amount or to offer in their bill to pay whatever amount might be found to be due upon an accounting.

Appellant contends that there was not sufficient privity to enable judgment creditors to exercise the privilege of pleading usury; that this privilege, which is personal to the debtors, could not be extended in this case to such creditors. It appears that in some states it is held that the pleading of usury is a privilege personal to the debtor, and that the judgment creditor cannot take advantage thereof in contracts to which he was not a party without the consent of the debtor.

"In other states the lien of a judgment or execution creditor upon the property of the debtor is held to establish sufficient privity to enable such creditor to exercise the debtor's privilege of setting up usury in defense of the claims of other creditors. The view is taken that such creditors are not strangers within the rule prohibiting strangers to the usury from taking advantage of it." 39 Cyc. 1073.

It was held in *Bachdell's Appeal*, 56 Pa. 386, that a mortgage may be impeached before an auditor for usury by subsequent judgment creditors to divert that portion of the fund arising from the sale of the mortgaged premises which exceeds the real debt after the usury is deducted and to appropriate it to the payment of their own debts. This question was raised in the case of *Boyd v. Warmack*, 62 Miss. 536, and we quote in full the headnote to that case, as follows:

"The beneficiary in a deed of trust on land, even after a sale thereunder, he being the purchaser, has the right to show usury in the debt secured by a prior deed of trust upon the same land, and to have the security therefor limited to the satisfaction of the legal amount thereof; and this right exists, notwithstanding a sale under the senior trust deed and a purchase by the *cestui que trust* therein, if the usury in the debt was not then known to the beneficiary in the junior trust deed."

It is our opinion that appellees, judgment creditors, had the right to show usury in the indebtedness secured by the deed of trust to have such indebtedness reduced by the deduction therefrom of the interest illegally charged.

We do not see that it was necessary for appellees to make a tender in this case, as contended for by appellant. There was no effort to cancel a mortgage. Appellees clearly show that they were unable to state what was the true balance owing by the debtors. This could only be ascertained from the books of appellant and perhaps after a full hearing of the case. Their inability to state definitely the amount due was not from their fault, but, according to their averment, was by reason of the fault of appellant. The bill does not seek to remove appellant from his place as a first lienor. The prayer specifically asks that appellant be decreed a first lien on the property, and that the amount shown to be due him be paid first out of the funds arising from the sale. An accounting in the case will be necessary to ascertain the correct amount owing by the debtors to appellant. Under the facts as shown in this case, it was unnecessary for appellees to make a tender of any amount in their bill. We consider the bill sufficient in this respect. *Aust* v. *Rosenbaum,* 74 Miss. 893, 21 So. 555; *Peeples* v. *Yates,* 88 Miss. 289, 40 So. 996.

*Affirmed.*