## WILCZINSKI v. SMITH.

[70 South. 347.]

USURY. *Rights and remedies of third persons. Application of payments.*
   A junior mortgagee is entitled to have the senior mortgagee's debt purged of usury, and where personal property covered by both mortgages has been delivered to the senior mortgagee without public sale, he must take it at its market value.

APPEAL from the chancery court of Bolivar county.
HON. M. E. DENTON, Chancellor.

Suit by Joel Wilczinski against C. R. Smith and others. From a decree in favor of defendants, complainant appeals.

This case was begun by the appellant, as complainant below, who filed a bill in the chancery court for an accounting and for a degree against the appellee for a certain indebtedness alleged to be due by J. E. King, and predicates his recovery on the fact that certain property of King, upon which appellant held a first mortgage, had been delivered to appellee, who held a second mortgage on the same property.

King has executed to appellant a certain promissory note for the sum of five hundred and fifty dollars bearing interest at ten per cent. from maturity. It developed that the principal of the note was five hundred dollars and fifty dollars was added in for interest. Said note was dated March 1, 1911, and matured January 1, 1911. Said note was secured by a deed of trust, covering certain personal property and the crops to be raised by King. Afterwards, on June 12, 1911, appellee took a second deed of trust on the same property.

The second deed of trust was duly placed of record in the Second district of Bolivar county, where the property was situated, and the first deed of trust was not recorded in the Second judicial district of said county, but was

recorded in the First judicial district. The bill charges. that appellee had actual notice of appellant's deed of trust. Appellee denies that he had actual notice of the indebtedness, but admitted that he understood there was a prior deed of trust for five hundred dollars in favor of appellant. Appellee charges that the indebtedness secured by the appellant's deed of trust has been paid by the delivery of personal property to appellant of sufficient value to discharge the indebtedness. He charges also that usurious interest was charged in said note.

On the trial it was attempted to be shown that certain. other indebtedness was due by King to the appellant, but. the court objected to the introduction of any other account, and confined appellant to his note. Appellant then introduced two other notes not mentioned in the pleadings, one for two hundred and twenty dollars, and one for fifty-five dollars. The note for two hundred and twenty dollars was secured by the personal indorsement,. it being shown by the testimony that appellant had declined to let King have the money unless he secured the note. The fifty-five dollar note was executed August 10th, and was not otherwise secured.

According to the evidence which was introduced, King delivered to appellant four mules and two wagons worth six hundred and ten dollars, and farming implements worth two hundred and thirty-five dollars, and five bales. of cotton worth two hundred and sixty-eight dollars and. twelve cents making a total of nine hundred and one dollars and sixty-two cents worth of property delivered by King to appellants. Appellant, however, had not given King credit for one mule, which died after delivery, and only credited him with three hundred dollars on the remaining three, and was attempting to charge King up with usurious interest on all three notes at ten per cent., when they ran for a term of less than one year, and interest for one full year was written in the face of the notes, and all bore interest after maturity, and was at-

tempting to charge him with the two hundred and twenty dollar note secured by personal indorsement.

The court held that according to the evidence, after eliminating usurious interest and giving proper credit for the personal property at its real value, that appellee was entitled to have the property so delivered upon which he held a second deed of trust credited on the first deed of trust, and that sufficient property had been delivered to pay the indebtedness sued for, and that the holder of the first lien having taken the personal property in extinguishment of the debt without public sale, must take it at its market value, and that the holder of the second lien was entitled to have it so applied.

*Somerville & Somerville* and *J. B. Harris*, for appellant.

We say, first, that the claim on the part of counsel that usurious interest was charged cannot be set up by Smith. Usury is a defense personal to the debtor and may be availed of by him alone, and this although the statute makes a contract for usurious interest absolutely void. See 39 Cyc., page 1062. Our statute does not make usurious contracts like the one in this case void, but merely forfeits the interest. Section 2678, Code of 1906. So, we think this disposes of this claim.

*Thos. S. Owen,* for appellees.

Under the well-settled doctrine, that when the first lienor takes the property in extinguishment of the lien, without a public sale of same, he will be held to have taken its market value, and will be liable to the junior lien holder for the full market value of the property. The appellant in this case must be held for the actual value of the property received, which more than paid the indebtedness of King.

COOK, J., delivered the opinion of the court.

Appellee, as a junior mortgagee, was entitled to have the payments made by J. E. King applied to the principal of the indebtedness. *McAlister* v. *Jerman*, 32 Miss. 142; *Chaffe* v. *Wilson*, 59 Miss. 42; *Boyd* v. *Warmack*, 62 Miss. 536.

By eliminating the usurious interest and by crediting J. E. King with the market value of the property delivered to appellant, we are unable to say that the chancery court erred in entering a decree in favor of C. R. Smith. There was a conflict of evidence as to the amount of credit King was entitled to, but this conflict was solved against appellant.

*Affirmed.*